INDIAN TRACE CO., A JOINT VENTURE COMPOSED OF BEASLEY-KELSO. ASSOCIATES, INC. AND GARVIN B. HARDISON v. WILLIAM J. SANDERS, ET AL

No. 763SC885

(Filed 1 June 1977)

Appeal and Error § 39.1— record on appeal — certification by clerk — time for filing

Appeal is dismissed for failure of appellant to comply with the requirement of App. R. 11(e) that the record on appeal be presented to the clerk of superior court for certification within 10 days after it is settled and with the requirement of App. R. 12(a) that the record on appeal be filed in the Court of Appeals within 150 days after notice of appeal is given.

APPEAL by defendants from *Bailey, Judge.* Judgment entered 22 May 1976 in Superior Court, PAMLICO County. Heard in the Court of Appeals 10 May 1977.

This is a special proceeding wherein the plaintiff, Indian Trace Co., seeks to have the court partition a tract of land

located in Pamlico County. Plaintiff alleged in its complaint that it owns a seven-eleventh undivided interest in the property and defendants, William J. Sanders *et al*, own a four-elevenths interest in the property. Defendants answered alleging that they were the sole owners of the property, having obtained title by adverse possession. After trial the court granted plaintiff's motion for a directed verdict. From a judgment decreeing that plaintiff and defendants are the owners of the property as tenants in common as alleged in plaintiff's complaint and decreeing that the property be partitioned, defendants appealed.

*Lee, Hancock and Lasitter by C. E. Hancock, Jr., for plaintiff appellee.*

*Frazier and Moore by Reginald L. Frazier for defendant appellants.*

HEDRICK, Judge.

The record before us discloses the following chronology of events:

Judgment in this case was entered on 22 May 1976 and *notice of appeal* was given in open court at that time. Defendants were allowed 50 days within which to "serve case on appeal." On 22 July 1976 defendants obtained an order extending the time to serve the record on appeal to 1 September 1976. On 20 August 1976 defendants obtained a further extension of 20 days within which to serve the record on appeal. Under the date of 24 August 1976 the following appears in the record:

"I, Sadie W. Edwards, Clerk of the Superior Court of Pamlico County, State of North Carolina, said Court being a Court of Record, having an official seal, which is hereto affixed, do hereby certify the foregoing and attached (sixty-eight sheets) to be a true copy of the file entitled:

Indian Trace Co., A Joint Venture
Composed of Beasley-Kelso Associates,
Inc. and Garvin B. Hardison

VS

William J. Sanders and others

as the same is taken from and compared with the original now on file in this office.

In Witness Whereof, I hereunto subscribe my name and affix the seal of the Superior Court of Pamlico County, at my office in Bayboro, North Carolina, this 24th day of August, 1976.

> s/ SADIE W. EDWARDS
> Clerk Superior Court
> Ex Officio Judge of Probate"

On 15 October 1976 the parties by stipulation settled the record on appeal. On 25 October 1976 the record on appeal was filed in this Court. On 28 October 1976 defendants made a motion seeking permission to file the "Clerk's Certification" as an addendum to the record. That motion was denied without prejudice on 9 November 1976 for the reason that the "certification sought to be added to the record on appeal has not been presented to this Court." On 15 November 1976 defendants' counsel, Frazier & Moore, filed a motion in this Court to be allowed to withdraw as counsel. In their motion counsel stated that they desired to withdraw " . . . because of the inability of the appellants to advance the total cost of the appeal and their desire to change attorneys. . . . " Frazier & Moore stated in the motion that " . . . appellants have paid one-half (1/2) of the attorneys fee of Five Thousand Dollars ($5,000.00), which we have had to recycle into the cost of the transcript, court records, docketing cost and cost of bonds." This court allowed Frazier & Moore's motion to withdraw by order dated 19 November 1976. On 18 March 1977 defendants, through their attorneys Frazier & Moore, filed a motion to add to the record on appeal the clerk's certification of the settled record on appeal dated 15 March 1977. Ruling on the motion was postponed by this Court pending expiration of time for oral argument. The motion was denied by this Court in conference on 10 May 1977. On 25 March 1977 plaintiff moved pursuant to Appellate Rule 25 that the appeal be dismissed for defendants' failure to comply with Appellate Rule 12(a). Ruling on this motion was postponed pending expiration of time for oral argument.

Appellate Rule 25 in pertinent part provides:

> "If after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed."

Indian Trace Co. v. Sanders

Appellate Rule 11(e) provides:

"Within 10 days after the record on appeal has been settled by any of the procedures provided in this Rule 11, the appellant shall present the items constituting the record on appeal to the clerk of superior court for certification. The clerk of superior court shall forthwith inspect the items presented and, if they be found true copies and transcriptions, certify them, noting the date of certification on the appropriate docket."

Appellate Rule 12(a) provides:

"Within 10 days after certification of the record on appeal by the clerk of superior court, but no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken."

Chief Judge Brock stated in *Ledwell v. County of Randolph*, 31 N.C. App. 522, 523, 229 S.E. 2d 836, 837 (1976),

"The North Carolina Rules of Appellate Procedure are mandatory. 'These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . . ' App. R. 1(a)."

In response to plaintiff's motion to dismiss for defendants' failure to comply with Appellate Rule 12(a), defendants' counsel stated,

"[A]fter having carefully perused the latest Motion of the plaintiff as well as the record proper, we totally fail to comprehend the thrust of the plaintiff's motion to dismiss and say to this court, that, the statement of the case was timely served on the attorneys for the plaintiff, who, accepted the same as was certified to this Court. That the matter was properly and timely docketed in the North Carolina Court of Appeals as by rules provided; that within the time provided by rules the brief was filed; However, it was brought to the attention of the undersigned that the Clerk's Certificate of the record proper was dated August 28, 1976. We moved at the time to file with this court a modified certificate of the Clerk of the Superior Court of Pamlico County. The attorneys for the plaintiff now allude to the One Hundred Fifty (150) day rule, which we say, we

were well within said time unless the plaintiff is contending that the case was not timely docketed. . . . "

Manifestly defendants have failed to comply with Appellate Rules 12(a) and 11(e). Indeed, the appeal was subject to dismissal for counsel's failure to comply with the rules when counsel filed their motion to be allowed to withdraw even though they had already been paid $2,500 in attorneys' fees. Although the record demonstrates that counsel was well aware of the "150 day rule," and the record on appeal was settled in ample time for defendants' counsel to have complied with the rule, counsel has offered no explanation for their failure to do so.

Appeal dismissed.

Judges MORRIS and ARNOLD concur.