Henderson.Chief-Justice.
 

 No argument can be drawu in favor of the Defendant, from the fact .that all‘the heirs or all the devisees must be brought in, and made parties in a suit, if in truth that be necessary. For such is the rule in all joint assumptions and obligations, as the law formerly stood, and is now in England ; yet the Plaintiff may levy the whole debt of any one. They are required only to aid in the defence, and the question of contribution is left to be settled between themsehes. There is no mode here, particularly between devisees, to ascertain how the Sheriff or creditor shall apportion the debt. For the Sheriff has no inquest on a
 
 fieri facias,
 
 as he has on an
 
 elegit,
 
 by which he equalizes the burthen according to the respective rights of the heirs or
 
 terre-tenaiüs.
 
 And the
 
 *478
 
 statute itself seems fo yield this right to the creditor ^or ^ie second section °f the act of J784
 
 (.Rev. c.
 
 2%6) which gives the
 
 sci.fa.
 
 enacts that if judgment shall pass against the heirs, or devisees,
 
 or any of them.
 
 And the second section of the act of 1789
 
 (Rev, c.
 
 311) gives ait action against the heirs or
 
 devisees jointly
 
 or
 
 severally.
 
 Why then, it may be asked, shall the infancy of one heir delay the creditor from collecting the debt from the hands of an adult heir, when if all w'ere. adults, the creditor might collect from whom he pleased, and leave it fo themselves to settle the question of contribution ? The last section of the act of
 
 If
 
 84
 
 (Rev. c~
 
 22G) provides for contribution, and gives a rule of .settling it among devi-sees. Whatever therefore may have been the rules at the common law, with regard to equalizing the burthens upon co-heirs, and upon
 
 terre-tenants,
 
 these acts of our Assembly have abolished it, so far as relates to proceedings under them.
 

 We will next enquire, if there is any
 
 thing
 
 which by words, or even by an implication, suspends the right of the creditor as to adults, during the twelve months stay, given to the minor. Here it must be admitted, that if the stay was of the
 
 execution,
 
 as the execution must follow the judgment, that is, must issue against the lands of the ancestor, in the hands of
 
 all
 
 the heirs, it would necessarily operate a suspension of the right for that period. But the execution is not suspended at all, not for a day y but its levy upon the estate of the minor is forbidden,from which a very strong inference is to be drawn, that it may issue as to the others, and if issued, and restrained in its operation as to the infant Defendant only, it is left to its operation as to the others. This is language, which cannot well be misunderstood. It furnishes of itself conclusive evidence of the right of the creditor to satisfaction to some extent out of the othersj and as it dees not restrain him to a
 
 pro rata
 
 satisfaction, he is
 
 *479
 
 left to that right which creditors ordinarily possess of satisfying their debts out of any part of the fund, which is accessible to them, and to leave to its different owners an adjustment of their contributions.
 

 I do not pretend to expound the whole of the act of 1789, for Í confess there are parts of it which Í do not understand. Perhaps the proper exposition of the proviso in the last section may be to confine it to cases, where the guardian has sold the property of his ward .under that act. But I believe it has been expounded in every part of the State to be general, and applies to all cases w here there is an infant heir. Much stress was laid on that part of the act of 1789, which forbids such execution to issue, but on motion to the Court. Í take both parts together to mean this : that
 
 no execution
 
 shall be levied on a minor’s estate, but after a delay of
 
 twelve
 
 months
 
 %
 
 nor
 
 then,
 
 hut an execution
 
 issued on motion to the
 
 Court; which strongly fortifies the idea, that it relates to cases, where the guardian has made sales, and may have some excuse farther to obtain indulgence, from some circumstances beyond his control,, which require a farther suspension of the execution. It is very clear, that the order to sell extends to every part of the properly of the ward, real or personal j regardless of the fact, whether it descended from the ancestor from whom tiie debt devolved or not, or even for the infant’s own debts, as for necessary support, or otherwise.
 

 The supersedeas
 
 should be dismissed, because one Court cannot supersede the process of another, however superior the one may be to the. other ;
 
 hut in the exercise of, and as ancillary to its revising power.
 
 There was no error or mistake in the Clerk in
 
 issuing Jones’
 
 execution ; not because the guardian waived the benefit of the stay, but because he was entitled to if
 
 instanter
 
 upon final judgment. But the Clerk mistook the law in refusing executions to the Plaintiff for the same reasons,
 

 
 *480
 
 T)ie Superior Court of Craven will therefore direet the County Court to grant to the applicants their executions; and the Sheriff will take care to obey the law, in not levying the execution, (by .which I understand raising the money,) upon the estate of the minor utiiil twelve months shall have elapsed from the time of rendering the judgment; and not then, but on an execution issued on motion to the Court. These facts should also appear on the execution, I presume. If they do not, the Sheriff will not he responsible for not levying. For he who demands of a mere ministerial officer the execution of a prece.pt, should furnish him with the necessary powers, apparent upon the precept itself. If such authority does not appear on the precept, the Sheriff may act if he will; and he will, or will not be justified by the fact; that is, that the judgment,had been obtained twelve months or more, and that the execution issued on motion; that is, to justify a levy on the minor’s property. But he may levy
 
 mstanter
 
 upon the property of the adults.
 

 Per Curiam. — Certificate to be issued accordingly.