C. L. LINDSAY v. S. C. BRAWLEY and R. M. GANTT.

(Filed 5 June, 1946.)

**1. Appeal and Error §§ 10e, 13c—**

Ordinarily, no supervision can be exercised over the judge in the settlement of case on appeal except to see that the duty is performed, G. S., 1-283, and asserted errors in omitting certain matters from the case on appeal cannot be brought up on exception taken at the time the case is settled, the sole remedy being by motion for *certiorari.*

**2. Appeal and Error §§ 1, 40d—**

An exception to the approval by the court of the referee's findings of fact raises the question whether there is any evidence to support the findings, the findings being conclusive in the Supreme Court if they are supported by evidence.

**3. Same—**

Where the referee, in making a finding of fact upon conflicting evidence, applies an erroneous rule as to which party has the burden of proof, an exception to the approval of the finding by the court raises a question of law and legal inference reviewable by the Supreme Court, and since the error of law may have seriously prejudiced appellant, the cause will be remanded for appropriate proceedings.

**4. Compromise and Settlement § 3—**

    In an action on a claim, defendants' assertion that the matter had been settled in a prior agreement between the parties, is a matter of defense, upon which defendants have the burden of proof.

APPEAL by plaintiff from *Hamilton, Special Judge,* at October Term, 1945, of DURHAM.

The plaintiff, Lindsay, brought this suit against the defendants, Brawley and Gantt, to recover a sum alleged to be due by them upon various transactions had between the parties lasting over a period of many years.

During this time Brawley and Gantt were employed as attorneys for the plaintiff and handled for him extensive matters involving real estate transactions, suits in court, collection of substantial sums of money, and professional advice, and at times a retainer. During the same period other nonprofessional business relations existed between the parties, resulting in loans made by the plaintiff to the defendants, the creation of obligations by defendants to the plaintiff by way of notes and endorsements and in other ways. These transactions, beginning in the early twenties, extended over a period of nearly twenty years, finally resulting in a disagreement between the parties as to amounts due on the various items and the balance upon the total indebtedness. During the period of negotiation, the plaintiff received from the defendants a statement of account, from their viewpoint, accompanied by a check for $300 of $474.20 claimed by defendants to be due to the plaintiff as a balance from their mutual dealings and upon a collection from Dr. and Mrs. W. P. Few. The defendants withheld $174.20 because of an alleged agreement involving that amount as an indemnity. The plaintiff, being of opinion that the defendants owed him more than that amount, declined to receive the check.

The defendants claim that during the later period of the controversy the matters were gone over between the parties and a full accord was reached with regard to the matters in controversy, including the Few collection. This the plaintiff denied.

Negotiations having failed, the plaintiff brought suit setting up his claim against the defendants in two items: First, the sum of $2,150, with interest from 15 February, 1934, a balance of moneys alleged to have been collected by defendants as attorneys for the plaintiff in an action brought against Dr. and Mrs. W. P. Few; second, $750, with interest, as the balance due on a $2,000 note executed by the defendants to the plaintiff under date of 9 October, 1929.

The defendants filed an answer denying the indebtedness and alleging that the amounts due the plaintiff had been paid and satisfied by charg-

ing the plaintiff's account with balance due them for personal services. As a cross action for affirmative relief, the defendants demanded the payment of $1,500 due under an alleged assignment to them of an amount due on a contract between plaintiff and C. C. Edwards. Plaintiff replied, setting up an amount alleged to be due him by assignment of an obligation of defendants to Edwards.

The suit coming on for trial before his Honor, Grady, Judge, at October Term, 1942, Durham Superior Court, upon the issues joined, the matters in controversy were referred to Robert P. Burns, Esq., as Referee, under G. S., 1-188—1-195, neither of the parties preserving the right to a trial by jury.

Evidence was taken before the Referee, including various exhibits and the testimony of the parties. From the tendered evidence were excluded certain items consisting of specialties found to be involved in other suits, and to this plaintiff excepted.

The evidence tended to show that a conference had been held between the parties in the spring of 1934, relating to the differences between them and the balance due from defendants to the plaintiff. There was also evidence tending to show that in that conference the Few collection, upon which separately was based the plaintiff's first prayer for relief, was considered. With reference thereto the Referee in his report made his finding and indicated his method of arriving thereat as follows:

"It is found as a fact that in the conference between the plaintiff and the defendants held in the spring of 1934 all matters in difference between the plaintiff and the defendants relating to this first cause of action were settled; that the parties then adjusted and agreed upon all matters in controversy therein and that final settlement was made between the parties. The testimony respecting this conference and the settlement is not particularly clear and convincing on the part of either plaintiff or defendant but the Referee cannot find by the greater weight of the evidence which the plaintiff must bear that complete settlement was not made, particularly in view of the fact that he made no further demands upon the defendants until about seven years thereafter."

The Referee duly filed his report containing his findings of fact and conclusions of law. To the findings of fact the plaintiff excepted, apparently on the ground that they were not supported by the evidence, and excepted to the conclusions of law based thereupon.

Upon review of the Referee's report at October, 1945, Term of Durham Superior Court, Judge Hamilton entered judgment approving and affirming the Referee's report in all respects and taxed plaintiff with the costs.

The plaintiff excepted and appealed, assigning errors.

*R. O. Everett* for plaintiff, appellant.

*James R. Patton, Jr., Fuller, Reade, Umstead & Fuller* for defendants, appellees.

SEAWELL, J.   The plaintiff complains that in settling the case on appeal the judge improperly excluded therefrom certain matters occurring on the trial which he is entitled to have included for the purpose of this review, and addresses an exception to that exclusion.

G. S., 1-284, requires the Clerk of the Superior Court to prepare a transcript of the judgment roll or record proper which is sent up on appeal.   Under G. S., 1-283, the judge is given power to settle the case on appeal.   Ordinarily, the only supervision which may be exercised over the judge charged with this duty is to see that it is performed. *S. v. Gooch,* 94 N. C., 982.   Errors and omissions in the case on appeal are corrected upon *certiorari* and cannot be brought up on exception taken at the time the case is settled.   Appellant has made no motion for *certiorari,* and the matter is not reviewable on the present record.

We have carefully examined the report of the Referee, his findings of fact and conclusions of law.   The exceptions raised by the plaintiff with respect to the findings of fact and to the approval thereof by the presiding judge raise the question here whether there was any evidence to support them.   We find that there is such evidence, and the findings and approval thereof are ordinarily conclusive upon us in appellate review, although the court below had more extensive powers.   G. S., 1-194; *Boyle v. Stallings,* 140 N. C., 524, 51 S. E., 346; *Cummings v. Swepson,* 124 N. C., 579, 32 S. E., 966; *Dent v. English Mica Co.,* 212 N. C., 241, 193 S. E., 165; *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795; *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720.

But whenever it becomes apparent that the Referee, in weighing conflicting evidence bearing on the subject of the finding, erroneously shifted the burden of proof to the prejudice of either party, and the finding and conclusion of law is approved by the trial court, the finding will be reviewed on appeal as a matter involving a question of law and legal inference.   Reference to the above statement will show that the finding of fact by the Referee in the respect mentioned was based upon the erroneous view that the burden was upon the plaintiff to show that at the conference mentioned there had been no settlement between the parties; whereas, such settlement was a matter of defense, and the burden of proof rested upon the defendants.   The comprehensive approval of the findings of fact and conclusions of law by the trial judge is affected with the same error.   There was no trial by jury, of course, but the Referee has laid bare the manner in which he arrived at his finding, and it may have seriously prejudiced the rights of plaintiff.

For this error the cause must be remanded to the Superior Court for appropriate proceedings. It is so ordered.

Error and remanded.