STATE OF NORTH CAROLINA v. THOMAS BENNETT WADDELL

No. 6829SC421

(Filed 13 November 1968)

1. Criminal Law § 154— record on appeal

    It is not the function of the Court of Appeals to oversee the preparation of the record on appeal; that is the function of counsel. G.S. 1-282; G.S. 1-283.

2. Criminal Law § 158— conclusiveness and effect of record

    Until a record on appeal is filed, there is nothing before the Court of Appeals, since the Court can judicially know only that which appears in the record.

3. Criminal Law §§ 156, 159— record on appeal — record in petition for certiorari

    A record filed in a petition for a writ of *certiorari*, nothing else appearing, does not become the record on appeal upon allowance of the writ even though the record filed therewith contains what occurred in the trial tribunal.

4. Criminal Law § 156— conclusiveness and effect of record on certiorari

    Defendant's purported record on *certiorari*, which was fragmentary

and which failed to comply with Rules of Practice in the Court of Appeal Nos. 19(c) and 21 relating to assignments of error and grouping of exceptions, *is held* insufficient to show error.

**5. Criminal Law § 134— the judgment — presumption of validity**

There is a presumption that the judgment of a court is valid and just, and the burden is upon appellant to show error amounting to a denial of some substantial right.

ON *certiorari* from *Thornburg, S.J.,* February 1968 Session of Superior Court of HENDERSON County.

There is no proper record on appeal filed in this case. The Attorney General in his brief says:

"This is a criminal action in which the defendant Thomas Bennett Waddell was tried at the February, 1968 Session, Henderson Superior Court, before his Honor Lacy H. Thornburg, Judge presiding, and a jury on indictments charging assault with intent to commit rape and breaking and entering with intent to commit rape on January 15, 1968. The cases were consolidated for trial. The defendant pleaded not guilty. From verdicts of guilty as charged as to both counts, and sentence duly pronounced thereon, the defendant appealed to the Court of Appeals."

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Ruben J. Dailey for defendant appellant.*

MALLARD, C.J.

[1, 2]   No statement of case on appeal has been served on the solicitor or agreed to by the solicitor or settled by the judge as provided by statute. G.S. 1-282; G.S. 1-283. It is not the function of this Court to oversee the preparation of the record on appeal; that is the function of counsel. Until a record on appeal is filed, there is nothing before the Court. "This Court can judicially know only that which appears in the record." *State v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621.

[3]   A record filed in a petition for a writ of *certiorari,* nothing else appearing, does not become the record on appeal upon allowance of the writ. This is true even though the record filed therewith contains what occurred in the trial tribunal. One reason for this is that in filing a record with a petition for a writ of *certiorari,* it is

not required that opposing counsel concur specifically or by default as to the correctness thereof prior to its being filed. The service of the statement of the case, as required by G.S. 1-282, before it is filed as the record on appeal, is required to be done in an effort to assure a correct record.

In the order allowing the writ of *certiorari* by this Court on 11 September 1968, it was ordered that the record be filed in the Court of Appeals on 24 September 1968. This was not done. On 24 September 1968 there was filed part of the transcript of testimony taken in Superior Court of Henderson County in "cases nos. 1085 and 1087" entitled, *State v. Thomas Bennett Waddell,* which reveals that over sixty-five pages are missing therefrom.

[4]    The purported record herein is defective in a number of ways, in addition to being fragmentary. There are, among other things, no assignments of error or grouping of exceptions in that part of the transcript filed herein, or even in the petition for writ of *certiorari,* as required by Rules 19(c) and 21 of the Rules of Practice in the Court of Appeals of North Carolina.

The Attorney General in his brief says:

"Notwithstanding the above, the State has carefully examined the complete transcript of the evidence and the judge's instructions to the jury as found in the fragmentary purported case on appeal and in the full transcript which is part of the files of the case in connection with a petition for a writ of certiorari.

It is the State's opinion that there is no merit in any of the questions raised save possibly that relating to the identification of the defendant by the victim. There is no evidence that the defendant was informed of right to counsel, or that he intelligently waived right to counsel, or that he had counsel present when a preliminary 'on the scene' identification was made of the defendant by the victim at her home about an hour and a half after the offenses occurred. It should be noted that the victim's courtroom identification was not shown to be based on completely independent evidence from the out-of-court identification and there is no evidence that such in-court identification was not tainted by the out-of-court identification. *That is not to say that the in-court identification was tainted,* but merely that evidence was not received on this point." (Emphasis added)

[4, 5]    "There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right." *State v. Pope,* 257 N.C.

326, 335, 126 S.E. 2d 126; *London v. London,* 271 N.C. 568, 157 S.E. 2d 90. "Where the record is silent upon that particular point, the action of the trial judge will be presumed correct." 1 Strong, N. C. Index 2d, Appeal & Error, § 46, p. 191; *State v. Dew,* 240 N.C. 595, 83 S.E. 2d 482. The purported record being silent with respect thereto, the possibilities suggested by the Attorney General are not presented or decided.

On the purported record we find

No error.

CAMPBELL and MORRIS, JJ., concur.