JOHNNY CALVIN LEDWELL v. COUNTY OF RANDOLPH
AND CHARLES RICHARD HUGHES

No. 7619SC467

(Filed 17 November 1976)

Appeal and Error § 41— settlement of record on appeal — failure to obtain clerk's certification in apt time

Appeal is dismissed for failure of appellant to obtain the clerk's certification of the record on appeal within 10 days after the trial judge entered his order settling the record on appeal as required by App. R. 11(e).

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 4 March 1976 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 18 October 1976.

Plaintiff brought this action to recover for personal injuries allegedly suffered as a pedestrian when struck by a motor vehicle operated by defendant Hughes, a deputy sheriff of Randolph County. At the close of all the evidence, defendants' motion for a directed verdict was allowed on the ground that plaintiff's evidence failed to show negligence on the part of

Ledwell v. County of Randolph

defendants and on the ground that it showed contributory negligence as a matter of law. Plaintiff appealed.

*Ottway Burton for the plaintiff.*

*Miller, Beck, O'Briant and Glass, by Adam W. Beck, for the defendants.*

BROCK, Chief Judge.

When plaintiff served his proposed record on appeal on defendants, defendants filed exceptions. Plaintiff requested settlement of the record on appeal by the trial judge.

On 6 May 1976 the trial judge entered his order settling the record on appeal. The North Carolina Rules of Appellate Procedure, Rule 11(e) provides that "[w]ithin 10 days after the record on appeal has been settled . . . the appellant shall present the items constituting the record on appeal to the clerk of superior court for certification." Appellant in this case waited from 6 May 1976 until 27 May 1976 to obtain the clerk's certification, a total of 21 days.

The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.

The North Carolina Rules of Appellate Procedure are mandatory. "These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . . " App. R. 1(a).

Appeal dismissed.

Judges PARKER and HEDRICK concur.