CARVUS ANDREW BYRD, JR. v. JOHN F. ALEXANDER, NORTH
CAROLINA COMMISSIONER OF MOTOR VEHICLES

No. 7611SC814

(Filed 6 April 1977)

**Appeal and Error § 39— record on appeal — time for filing after clerk's
certification**

Appeal is dismissed for failure of the appellant to file the record
on appeal in the appellate division within ten days after certification
by the clerk of the trial tribunal as required by App. R. 12(a).

APPEAL by plaintiff from *Clark (Giles), Judge.* Judgment
entered 4 June 1976 in Superior Court, JOHNSTON County.
Heard in the Court of Appeals 16 March 1977.

On 22 December 1974 plaintiff was arrested and charged
with operating a motor vehicle on a public highway while under
the influence of intoxicating liquor. He refused to take the
breathalyzer test. On 7 February 1975 plaintiff was served with
notice of revocation of his driving privileges for a period of six
months for refusal to submit to the breathalyzer test.

Pursuant to G.S. 20-16.2(d) plaintiff requested and re-
ceived a hearing before a Department of Motor Vehicles hear-
ing officer on 9 April 1975. Following the hearing, on or about
19 April 1975 plaintiff received a new notice of revocation of
his driving privileges for a period of six months, effective 3
May 1975, for refusal to take the breathalyzer test. In the mean-
time, on or about 3 April 1975 plaintiff was found not guilty
of driving under the influence on the occasion out of which arose
his refusal to take the breathalyzer test.

On 29 April 1975 plaintiff instituted this proceeding under
G.S. 20-25 for a hearing *de novo* in the superior court. On 29
April 1975 a preliminary injunction was issued enjoining the
Department of Motor Vehicles from revoking plaintiff's driving
privileges until the matter could be heard in superior court.
The cause was heard *de novo* before Judge Clark on 4 June
1976. At that time judgment was entered dissolving the 29
April 1975 restraining order and affirming the Department's
revocation order.

Plaintiff appealed.

*T. Yates Dobson, Jr., and Wallace Ashley, Jr., for the plaintiff.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the Department of Motor Vehicles.*

BROCK, Chief Judge.

The record on appeal in this case was certified by the clerk of superior court on 3 September 1976. App. R. 12(a) requires that appellant shall file the record on appeal in the appellate division within ten days after certification by the clerk of the trial tribunal. The record on appeal in this case was filed in the Court of Appeals on 1 October 1976, more than ten days after certification.

Perhaps it is well to repeat again what was said in *Ledwell v. County of Randolph,* 31 N.C. App. 522, 229 S.E. 2d 836 (1976), and *In re Allen,* 31 N.C. App. 597, 230 S.E. 2d 423 (1976):

> "The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.
>
> "The North Carolina Rules of Appellate Procedure are mandatory. 'These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . .' App. R. 1(a)."

Appeal dismissed.

Judges PARKER and ARNOLD concur.