BETTY L. PHILLIPS v. NOLAND C. PHILLIPS, JR. AND UNITED STATES OF AMERICA

No. 7613DC1061

(Filed 7 December 1977)

Garnishment § 1— military retirement pay—no garnishment for alimony

> Military retirement pay is the equivalent of active duty pay for purposes of garnishment, and active duty pay constitutes wages not subject to garnishment for alimony under N. C. law.

APPEAL by plaintiff from *Sauls, Judge.* Judgment entered 5 August 1976 in District Court, COLUMBUS County. Heard in the Court of Appeals 26 September 1977.

The facts giving rise to this appeal are not controverted. The plaintiff instituted an action against her husband, Noland C. Phillips, Jr., the defendant, seeking alimony, child custody, and child support. Plaintiff summoned the United States of America, garnishee. The garnishee filed an answer admitting that it would become indebted to the defendant for monthly pay in the amount of $374.03 as long as the defendant was entitled to that amount according to laws governing military pay; that twenty (20) percent of that monthly amount was subject to garnishment for child support pursuant to North Carolina G.S. 110-136; and denying any liability as garnishee for alimony or other support payments. The defendant was receiving military retirement pay pursuant to his retirement from the United States Air Force.

At trial, the district court made findings of fact and concluded as a matter of law that income to the defendant under the Military Retirement Act was equivalent to future wages and thus not subject to garnishment for alimony under North Carolina law.

Plaintiff appealed.

Phillips v. Phillips

*James C. Eubanks III, for plaintiff appellant.*

*United States Attorney Carl L. Tilghman, by Assistant United States Attorney, Chief, Civil Section, Joseph W. Dean, for garnishee.*

*No counsel for defendant.*

BROCK, Chief Judge.

Plaintiff concedes that prospective wages are not subject to garnishment for alimony under North Carolina law; however, plaintiff contends that defendant's military retirement pay does not constitute wages or the equivalent of wages, but instead is an annuity and a vested property right of the defendant, or a debt owed the defendant by the United States, and therefore is subject to garnishment. We disagree.

At issue is the nature of military retirement pay. Plaintiff correctly argues that whether such pay constitutes wages not subject to garnishment, or a debt or vested right clearly subject to garnishment, is a question for the North Carolina courts. However, any decision on this question must necessarily be based upon an analysis of the federal retirement pay scheme and its incidents.

Military retirement pay is provided by federal statute and not common law. There is no vested or contractual right to retired pay. *Goodley v. U.S.*, 441 F. 2d 1175 (Ct. Cl. 1971). The precise question before this Court was recently addressed by Federal District Judge Hemphill sitting by designation in *Watson v. Watson*, 424 F. Supp. 866 (E.D.N.C. 1976), wherein it was held that garnishment of military retirement pay for alimony was not permissible under North Carolina law. In discussing the nature of military retirement pay, Judge Hemphill noted that there is no pre-existing retirement fund earmarked for the use and benefit of the retiree; that the retiree earns his retirement pay by staying alive, obeying military discipline, and being subject to recall to active duty; that he continues to hold the same office (rank) he held while on active duty; that a retiree's pay is subject to increase, decrease, or stop for various reasons; that retirement pay is not inheritable and does not pass to the retiree's heirs upon his death; that no right to retirement pay arises except on a day-to-

day basis; and that active duty pay and retirement pay are considered procedurally to be the same by the Department of Defense.

In light of the above factors, Judge Hemphill found military retirement pay to be the equivalent of active duty pay for purposes of garnishment. We agree with Judge Hemphill and so hold. Our Legislature has recently authorized garnishment of wages for child support. G.S. 110-136. This exception to the long-standing prohibition against garnishment of wages has not been extended to allow garnishment of wages for alimony. Since we hold that military retirement pay is the equivalent of active duty pay for purposes of garnishment, and active duty pay clearly constitutes wages not subject to garnishment for alimony under North Carolina law, the ruling of the court below is

Affirmed.

Judges PARKER and ARNOLD concur.