REA J. ELMWOOD v. ROBERT E. ELMWOOD

No. 7712DC54

(Filed 21 December 1977)

1. **Garnishment § 1— military retirement pay—garnishment for alimony**

Military retirement pay constitutes wages for the purpose of garnishment and is not prospectively subject to garnishment for an indebtedness arising from an order for the payment of alimony under North Carolina law.

2. **Garnishment § 1— 60-day exemption**

Defendant's military retirement pay was entitled to the 60-day exemption from the time of the garnishment order as provided by G.S. 1-362 where defendant, by affidavit, showed that his retirement pay is necessary to support his second wife and their natural and adopted children; therefore, the district court erred in distributing military retirement pay garnished from defendant to defendant's former wife in payment of arrearages in alimony and child support where all of such money was earned either prior to the garnishment order or within 60 days thereafter.

3. **Divorce and Alimony § 21.3— failure to pay alimony and child support—contempt**

The trial court did not err in finding defendant in contempt for failure to make the alimony and child support payments required by a court order where a contempt hearing was held at which defendant presented evidence, and the court found that defendant admitted his noncompliance with the order and found that his noncompliance was willful.

APPEAL by defendant from *Brewer, Judge.* Orders appealed from entered on 12 October, and 20 October 1976, in District Court, CUMBERLAND County. Heard in the Court of Appeals 25 October 1977.

This action arises from Rea J. Elmwood's (plaintiff) attempt to collect arrearages accrued from a February 1968 alimony and child support order directing Robert E. Elmwood (defendant) to pay $475 per month ($275 alimony and $200 child support) to plaintiff. In July 1975 plaintiff filed a petition for attachment of defendant's military retirement pay in order to collect an alleged $29,325 in arrearages of alimony and child support accumulated

since May 1970. On 14 July 1975, an order of attachment signed by District Court Judge Herring was filed. A notice of levy and a summons to garnishee, both directed to the Secretary of Defense and the U.S. attorney were also filed on that date. Service of levy was had on the Secretary of Defense and U.S. District Attorney by the Sheriff's forwarding the order of attachment, the summons to garnishee and notice of levy as provided by statute. The U.S. Marine Corps answered stating that at the time of service of the summons, 21 July 1975, the U.S. Marine Corps was indebted to the defendant in the amount of $531.09 in retirement pay; that since the time of the summons the U.S. Marine Corps had become additionally indebted to the defendant in the amount of $25.29 per day in retired pay for a total indebtedness of $1049.80. The U.S. attorney answered stating that from 11 July 1975 until 11 September 1975 (date the answer was filed), the defendant's retirement pay had been withheld pursuant to the order of attachment and notice of levy issued by the District Court and that as of 11 September 1975 there was a total amount due and owing to the defendant of $1,871.63. On 9 March 1976 the District Court entered an order vesting title directing the United States to pay into the court the amounts which had been withheld from the defendant and all amounts becoming due to the defendant in the future. The $1,871.61 paid into the court by the garnishee was disbursed to the plaintiff pursuant to a May 1976 disbursement order. On 23 March 1976 the U.S. attorney filed a motion to amend the judgment to comply with G.S. 1-440.28 which limits recovery to the amount owed to the defendant by the garnishee at the time of the judgment and G.S. 110-136 which limits garnishment for child support to 20% of the parent's monthly income. The court denied the motion, reasoning that 42 U.S.C.A. 659 permits the garnishment of defendant's retirement pay for the enforcement of legal obligations to provide child support and alimony payments; and that G.S. 110-136 did not repeal or overrule G.S. 1-440.2 which would permit the attachment and garnishment of defendant's military retirement pay in actions for alimony and child support. Defendant then filed a motion seeking relief from the garnishment order. Defendant asserted that the order vesting title was an invalid judgment because: (1) the defendant's prospective earnings in the form of military retirement pay are not attachable in that they do not constitute property owned by the defendant, or a debt due to him on the day the

order was filed; and (2) the garnishment order failed to accord him the 60-day exemption provided by G.S. 1-362. On 12 October 1976, the court denied the defendant's motion to dissolve the order of garnishment and to give effect to the statutory exemption of G.S. 1-362, reiterated the 9 March 1976 order, and on 20 October confirmed the May 1976 disbursement order.

Also on 20 October 1976 the court found the defendant to be in contempt of court for his willful noncompliance with the terms of the 1968 order. The court sentenced him to 30 days in jail but allowed the defendant to purge himself by paying off the child support and alimony arrearages. On 27 October 1976 the defendant authorized the garnishee to pay into the Clerk of Superior Court of Cumberland County 20% of all accrued and future retirement pay earnings as they become due and owing to the defendant until the child support arrearage of $12,400 is fully paid and satisfied. The garnishee continues to withhold the defendant's retirement pay. The defendant has not fully complied with the conditions upon which the contempt order was suspended, and the defendant has appealed.

*Nance, Collier, Singleton, Kirkman and Herndon, by James R. Nance, for plaintiff appellee.*

*D. W. Grimes for defendant appellant.*

MORRIS, Judge.

The defendant appellant's brief displays a total disregard for our rules of appellate procedure. The arguments present a question of law which should be answered, however, and we have, in the exercise of our discretion, searched the record and briefs as they apply to the important questions raised by this appeal.

The defendant presents several arguments to the Court in "stream of consciousness" form. The record, however, contains but three exceptions and three assignments of error. We, therefore, consider the defendant's three principal arguments. They are: (1) that the trial court erred in garnishing his military retirement pay as it is a wage earned from day to day and does not constitute property or a debt whose situs is within this State; (2) that the trial court erred in garnishing wages earned and accrued by the defendant within the 60 days preceding the garnishment order in violation of G.S. 1-362; and (3) that the trial court

erred by finding the defendant to be in contempt of court pursuant to G.S. 1A-1, Rule 70, without a hearing and without finding the defendant to be in willful disobedience of a court order.

[1]   In response to the defendant's first two arguments the plaintiff asserts that military retirement pay is a debt or vested right of the defendant's accruing to him as a result of his years in service and that the pay does not constitute wages and is, therefore, subject to garnishment. Plaintiff also asserts that the 60-day exemption under G.S. 1-362 does not protect the retirement pay coming to the defendant because the money was actually earned while the defendant was on active duty in the service, a time prior to the 60-day exemption. At issue is the nature of military retirement pay. If it constitutes wages then no portion not earned at the time of the entry of the order can be garnished under North Carolina law for an indebtedness accruing from nonpayment of alimony. *Motor Finance Co. v. Putnam*, 229 N.C. 555, 50 S.E. 2d 670 (1948). If military retirement pay constitutes wages then the defendant would also be entitled to the 60-day exemption of G.S. 1-362. *Goodwin v. Claytor*, 137 N.C. 225, 49 S.E. 173 (1904). This Court has recently addressed this issue and decided that "military retirement pay is the equivalent of active duty pay for purposes of garnishment, and active duty pay clearly constitutes wages not subject to garnishment for alimony under North Carolina law. . ." . *Phillips v. Phillips*, 34 N.C. App. 612, 239 S.E. 2d 743 (1977). See also Tax Reduction and Simplification Act of 1977 (Public Law 95-30, 23 May 1977) Title V, § 501 "Clarification of Garnishment Provisions". If plaintiff's position that retirement pay is a debt due by the government were correct, she would be aided by 42 U.S.C.A. § 659 which requires consent by the United States to garnishment and similar proceedings for the enforcement of child support and alimony obligations. That statute is as follows:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process

brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

This statute merely provides that defendant's military retirement pay may be subjected to garnishment as if the United States were a private person residing in North Carolina. Having concluded that defendant's military retirement pay constitutes wages for the purpose of garnishment and as such is not prospectively subject to garnishment for an indebtedness arising from an order for the payment of alimony under North Carolina law, it was error for the District Court to garnish the defendant's military retirement pay for the purpose of paying the indebtedness resulting from arrearage in payment of alimony. See *Watson v. Watson*, 424 F. Supp. 866 (E.D.N.C. 1976). Recently our legislature has enacted G.S. 110-136 authorizing the garnishment of 20% of an individual's wage for the payment of child support. This statute does not, however, alter the longstanding rule prohibiting the garnishment of prospective wages for the nonpayment of alimony and other debts. *Phillips v. Phillips, supra; Motor Finance Co. v. Putnam, supra.*

[2] The plaintiff's answer to the defendant's second assignment of error contending that the trial court erred in distributing the $1,871.63 withheld from the defendant and paid into the court by the garnishee was based on the assumption that military retirement pay did not constitute wages and that the pay was earned by the defendant when he was on active duty, prior to the 60-day exemption of G.S. 1-362. We have, however, concluded that military retirement pay does constitute wages for the purpose of garnishment and as such is earned from day to day. Therefore, the defendant's military retirement pay was entitled to the 60-day exemption. The record discloses that all the money paid into the court by the garnishee was earned either within the 60 days next preceding the order of attachment and garnishment, or after the issuance of the garnishment order. The plaintiff contends that the defendant abandoned his right to the protection of G.S. 1-362 when he abandoned his North Carolina residency. Our Supreme Court, however, has extended the protection of this exemption to residents and nonresidents alike. *Goodwin v. Claytor, supra.* Defendant, by affidavit, has shown that his retirement pay is necessary to support his wife and two children by that marriage

and an adopted child of his first marriage living with him and his second wife. G.S. 1-362 provides that earnings for the period of 60 days "next preceding the order", cannot be applied to the debt "when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of *a family supported wholly or partly by his labor*". (Emphasis supplied.) It was, therefore, error for the District Court to garnish and distribute the sum paid into the court by the garnishee.

Having concluded that the court's order was in error in garnishment of defendant's military retirement pay and in the distribution of the funds paid into the court, we need not discuss the alternative arguments posed by the defendant regarding due process in prejudgment garnishment of wage proceedings and the situs of the military retirement pay should we conclude it was an indebtedness.

[3] The defendant's third and last assignment of error is directed to the entry of judgment by the District Court finding him to be in contempt. The defendant argues that no hearing was held and that the court did not find the defendant to be in willful disobedience of the court order, both being requirements before the defendant may be found to be in contempt. This argument is without merit. The record discloses that a hearing was held at which the defendant presented evidence. The court, in its order finding the defendant in contempt, found as a fact that the defendant had admitted his noncompliance and found the noncompliance to be willful. The trial court complied with the procedural requirements of finding the defendant in contempt, and the contempt order remains valid. The conditions by which the defendant may purge himself of the contempt order are, however, invalid so far as they are inconsistent with this opinion.

The result then, is this: The trial court erred in its order of 12 October 1976 in failing to allow defendant's motion for dissolution of the orders in the nature of attachment and for effectuation of the G.S. 1-362 earnings exemption and also erred in its order of 20 October 1976 in confirming disbursement of $1,871.61 garnished earnings. Defendant's first two assignments of error are sustained. The third and last assignment of error is without merit and overruled because the court did not err in adjudging defendant to be in contempt.

Reversed in part; affirmed in part.

Judges VAUGHN and CLARK concur.