ARLENE R. HARRIS, PLAINTIFF v. HAROLD R. HARRIS, DEFENDANT UNITED STATES OF AMERICA, GARNISHEE

No. 7812DC295

(Filed 20 February 1979)

Garnishment § 1— anticipated military retirement pay—no garnishment

Since generally under N.C. law an order of garnishment is unavailable to reach earnings for future pay periods or unaccrued wages, the anticipated retirement pay for a future period of a regular officer, retired from a branch of the military service, is not subject to garnishment.

APPEAL by plaintiff from *Guy, Judge*. Order dated 12 October 1977 in District Court, CUMBERLAND County. Heard in the Court of Appeals 15 January 1979.

The plaintiff and the defendant were married in 1951. On 27 September 1974, they entered into a separation agreement. Plaintiff filed a complaint on 12 May 1977, alleging that the defendant had defaulted in payments pursuant to the separation agreement. According to the agreement, plaintiff was to receive as alimony 50% of the defendant's Army retirement pay during the rest of his life. Plaintiff was also to receive $200 per month as child support for the two children who remained minors. Plaintiff joined the United States of America as garnishee under the provisions of 42 USC § 659. The plaintiff sought a continuing garnishment order directed at prospective amounts payable by the United States to the defendant for military retirement pay. The United States of America filed a motion for dismissal, which was allowed on 12 October 1977. Plaintiff appealed from the order dismissing the garnishee.

*William J. Townsend, for plaintiff appellant.*

*United States Attorney George M. Anderson, by Bruce H. Johnson, Assistant United States Attorney, for defendant appellee.*

CARLTON, Judge.

The only question presented on this appeal is the validity of the order of 12 October 1977 dismissing the United States of America as garnishee.

Plaintiff relies on the provisions of 42 USC § 659 to support her contention that the dismissal was improper. We do not agree.

42 USC § 659 provides for a waiver of sovereign immunity, in that the United States of America consents to be joined as a garnishee in garnishment proceedings authorized under state law. *Overman v. United States*, 563 F. 2d 1287 (8th Cir. 1977); *Williams v. Williams*, 427 F. Supp. 557 (D. Md. 1976). The statute reads as follows:

*Consent by United States to garnishment and similar proceedings for enforcement of child support and alimony obligations.*

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to an individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement against such individual of his legal obligations to provide child support or make alimony payments.

42 USC § 659 (1976).

Plaintiff concedes in her brief that the case of *Elmwood v. Elmwood*, 34 N.C. App. 652, 241 S.E. 2d 693 (1977), first decided in this Court, would control the disposition of this appeal. At the time this appeal was filed, *Elmwood* was on appeal to the Supreme Court, and plaintiff candidly admits that the purpose of

her appeal was to allow her to go forward in the event the Supreme Court should reverse this Court's decision. The Supreme Court filed its opinion in *Elmwood* on 6 June 1978. 295 N.C. 168, 244 S.E. 2d 668 (1978).

In *Elmwood*, the Supreme Court established the following propositions:

(1) 42 USC § 659 does not create a right in a party, or the children of parties, to garnish military retirement pay. It merely removes the barrier of sovereign immunity so as to place the United States in the same position as a private employer for the purpose of garnishment for child support and alimony, of money due as "remuneration for employment." Whether the monthly payments which the defendant is entitled to receive from the United States are "remuneration for employment" is governed by federal law. If they are, their susceptibility to garnishment is governed by the law of this State.

(2) Payments received by a retired military officer from the United States on account of *disability* are not "remuneration for employment" and, therefore, the United States is not subject to state garnishment proceedings on account of such payments under 42 USC § 659.

(3) Payments received by a retired *regular* officer of the military service for *retirement* are "remuneration for· employment." Payments for retirement received by a retired *reserve* officer are not "remuneration for employment." Retired reserve officers are not subject to recall to active duty and are not subject to the Uniform Code of Military Justice. Therefore, the payment is considered pension for past services.

(4) Since the retirement pay of a *regular* retired officer is deemed to be *currently earned*, the defendant has no vested right therein until it is so earned. It is, therefore, subject to garnishment in proceedings instituted in the courts of this State to the extent, and only to the extent, that compensation for service currently rendered to a private employer is so subject.

(5) Since retirement pay of a *regular* retired officer is deemed to be compensation for services currently rendered, present entitlement to future payments is obviously contingent upon rendition of services in the future. Thus, entitlement to future re-

tirement payments may be defeated by a number of possible developments; e.g., death, resignation, dismissal pursuant to court-martial, or change in the federal law.

(6) Since generally under North Carolina law, an order of garnishment is unavailable to reach earnings for future pay periods or unaccrued wages, the anticipated retirement pay for a future period, of a *regular* officer, retired from a branch of the military service, is not subject to garnishment.

(7) Accumulated, unpaid retirement pay for past periods of service is subject to garnishment, except as limited by statutes relating to such proceedings.

(8) Under certain circumstances, military retirement pay may be subject to garnishment for child support.

Under the sixth rule enumerated above, plaintiff, in the case at bar, is unable to join the United States as garnishee.

In *Elmwood*, the Supreme Court quoted its decision in *Ward v. Manufacturing Co.*, 267 N.C. 131, 148 S.E. 2d 27 (1966) as follows: "[T]he principle defendant, who is the plaintiff's debtor, must himself have the right to sue the garnishee, his debtor, in this State for the recovery of the debt."

In the case at bar, the defendant obviously could not maintain suit against the United States for retirement pay which he anticipates he will become entitled to receive in the future. His right to future retirement payments is a mere expectancy, contingent on several factors such as death, resignation, dismissal pursuant to court-martial, etc.

We therefore hold that the United States of America may not be properly joined as a garnishee and the trial court's allowance of the motion to dismiss is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.