HAYDEE C. CRAVER Plaintiff v. PAUL E. CRAVER Defendant and UNITED STATES OF AMERICA Defendant

No. 105

(Filed 3 October 1979)

1. **Appeal and Error § 38— settlement of case on appeal—clerk's certification—filing of settled record—actions not timely**

    The Court of Appeals had no authority on 5 June 1978 to consider the merits of the trial court's order entered on 27 September 1977, since defendant failed within ten days of the settlement of the case on appeal to obtain the clerk's certification of the record and failed within 150 days of giving notice of appeal to file the settled record in the Court of Appeals, and the trial court had dismissed the appeal on 6 April 1978.

2. **Appeal and Error § 22.1— certiorari to preserve exception to settlement of record—appeal not kept alive**

    The trial court's order was not placed before the Court of Appeals for review by way of defendant's petition for certiorari, since that petition was made solely for the purpose of preserving an exception to the trial judge's settlement of the record, and it did not itself serve to keep alive the case on appeal.

---

Craver v. Craver

---

3. **Appeal and Error § 17— stay of trial court's order—appeal from order not perfected—motion to dissolve stay improperly denied**

   The Court of Appeals erred in denying plaintiff's motion to dissolve a stay of the trial court's order since the appeal of the order to which the stay was directed was not perfected.

   Justices BRITT, BROCK, and CARLTON did not participate in the consideration or decision of this case.

ON writ of certiorari to review two orders of the Court of Appeals. This case was docketed and argued as No. 117 at the Fall Term 1978.

*Gene B. Gurganus, Attorney for plaintiff appellant.*

*Cameron and Collins, by E. C. Collins, Attorneys for defendant appellee.*

*George M. Anderson, United States Attorney, by Elaine R. Pope, Assistant United States Attorney, for defendant United States of America.*

*Rufus L. Edmisten, Attorney General, by R. James Lore, Associate Attorney, for the State, amicus curiae.*

EXUM, Justice.

We allowed plaintiff's petition for writ of certiorari pursuant to App. R. 21 to review two orders of the Court of Appeals, the latest in a series of rulings by District Court Judge Walter P. Henderson and the Court of Appeals in a dispute that has become procedurally entangled. Because of defendant's procedural defaults the Court of Appeals erred in making these orders. They are reversed.

Apparently unsatisfied with her estranged husband's support payments[1] for her and two children born of the marriage, plaintiff filed action for alimony, child support, and divorce from bed and board on 16 March 1977. After a hearing Judge Henderson on 29 March 1977 ordered defendant to pay $325.00 per month alimony pendente lite and $225.00 per month for child support. The onset of litigation and Judge Henderson's order had a chilling effect on defendant's willingness to support his dependents, for as of 15

---

1. According to Judge Henderson's findings these were as follows: September, 1976, $700; October, 1976, $500; November, 1976, $500; December, 1976, $400; January, 1977, $500; and February, 1977, $400.

Craver v. Craver

July 1977 defendant had made no alimony payments and was
$187.00 in arrears in child support. In response to plaintiff's mo-
tion to find defendant in contempt, Judge Henderson conducted a
hearing on 15 July 1977, found facts, and concluded that defend-
ant's wilful failure to make payments as earlier ordered placed
him in contempt of court. Judge Henderson ordered that defend-
ant could purge himself of contempt by paying arrearages total-
ing $1,487.00. Judge Henderson also ordered defendant to execute
an assignment of his retirement pay due from the United States
to the extent of $550.00 per month for plaintiff's use.[2] The assign-
ment was to be executed on or before 1 September 1977. Should
defendant fail to assign his retirement benefits as ordered, Judge
Henderson directed him to appear on 9 September 1977 to show
cause why his wages should not be attached and why he should
not be punished for contempt.

On 27 September 1977, after a hearing, Judge Henderson
entered an order in which he recited prior proceedings and found
that defendant had wilfully failed to pay arrearages earlier deter-
mined to be due and had wilfully failed to assign his retirement
pay. The order concluded that defendant was in contempt of
court. The order (1) provided that the United States, as
garnishee,[3] pay 65 percent of defendant's retirement pay into
court for plaintiff's use; (2) committed defendant to jail for six
months; and (3) provided that defendant could purge himself of
contempt by executing an assignment of wages as earlier ordered.
This is the only order from which defendant attempted to perfect
an appeal.

On 22 November 1977 Judge Henderson, on motion of plain-
tiff pursuant to Civ. P. R. 70, appointed plaintiff's counsel, Mr.
Gene Gurganus, as commissioner to execute an assignment of

---

2. In an earlier judgment, Judge Henderson had found that defendant was retired from the United States
Marine Corps and that his annual retirement income amounted to $7,533.90, or $627.82 per month. He also
found that defendant had training as a contractor and realtor and had been in the insurance adjusting business
for approximately six years from which business he earned $8,350.00 in 1975. Defendant's total income for 1976
was found by Judge Henderson to be $15,967.00.

The order for assignment of retirement pay was apparently based on G.S. 50-16.7(b) which authorizes the
court to "require the supporting spouse to secure the payment of alimony or alimony pendente lite by means
of a bond, mortgage, or deed of trust, or any other means ordinarily used to secure an obligation to pay money
or transfer property, or by requiring the supporting spouse to execute an assignment of wages, salary, or
other income due or to become due."

3. The United States on plaintiff's motion was joined in the action as garnishee by order dated 21 June
1977.

wages for defendant and ordered the United States to comply with the assignment. Defendant neither excepted to nor appealed from this order. Mr. Gurganus executed an assignment of defendant's retirement pay to the extent of $550.00 per month or 65 percent, whichever is less.

On 2 December 1977 defendant filed a petition for writ of supersedeas in the Court of Appeals. That Court on 6 December 1977 stayed Judge Henderson's 27 September 1977 order to the extent that it provided that more than 20 percent of defendant's retirement pay "be attached." The Court of Appeals also stayed Judge Henderson's 22 November 1977 order to the extent that it required Mr. Gurganus to "execute an assignment of more than twenty (20) percent of defendant's" retirement pay. Judge Henderson's orders, to the extent provided, were "stayed pending appellate review by this Court of the proceedings and the said orders of 27 September 1977 and 22 November 1977." The Court of Appeals further noted that "If the defendant fails to perfect appeal in accordance with the North Carolina Rules of Appellate Procedure, this stay order will be dissolved."

The parties being unable to agree to the record on appeal, Judge Henderson settled the record by order entered 16 February 1978 pursuant to App. R. 11(c). Rather than obtaining the clerk's certificate within ten days thereafter as required by App. R. 11(c) and filing the settled record in the Court of Appeals within ten days of the clerk's certificate as required by App. R. 12(a), defendant did nothing until 6 March 1978. On that date defendant petitioned the Court of Appeals for a writ of certiorari. Attached to the petition was the record on appeal as settled by Judge Henderson. The petition asked only that the Court of Appeals require Judge Henderson to amend the record to include certain items defendant contended were essential for determination of the dispute but which Judge Henderson had deleted when he settled the record.[4] Responding to this petition, the Court of Appeals postponed ruling "pending expiration of time for oral argument, or further order."

Thereafter on 6 April 1978 Judge Henderson dismissd defendant's appeal pursuant to App. R. 25 on the grounds: (1) the

---

4. Ultimately, as later discussed in the text, the Court of Appeals determined that all these items related to orders entered by Judge Henderson on 28 April 1977 and 26 August 1977 to which defendant did not except and from which he did not appeal. It concluded, therefore, that Judge Henderson properly excluded these items in his settlement of the record on appeal.

settled record on appeal was not presented to the clerk for certification within ten days after settlement, App. R. 11(e); (2) the record on appeal was not filed with the Court of Appeals within ten days after the clerk's certification, App. R. 12(a); and (3) the record on appeal was not filed with the Court of Appeals within 150 days after giving notice of appeal, App. R. 12(a).

Assuming no doubt that the end of litigation was in sight, plaintiff on 16 May 1978 moved the Court of Appeals to dissolve its earlier stays of Judge Henderson's 22 November and 27 September orders. Plaintiff argued in support of this motion that defendant had failed to perfect his appeal from these orders and that his appeal had been dismissed.

On 5 June 1978 the Court of Appeals responded to plaintiff's motion as follows: Referring to defendant's petition for writ of certiorari filed 6 March 1978, the Court of Appeals purported to grant certiorari and affirmed Judge Henderson's settlement of the record. Proceeding then without benefit of arguments or briefs, the Court of Appeals went on to conclude that Judge Henderson's 27 September 1977 order "attaching 65 percent of monies payable to defendant by the United States of America is contrary to law," referring to its opinions in *Phillips v. Phillips*, 34 N.C. App. 612, 239 S.E. 2d 743 (1977) and *Elmwood v. Elmwood*, 34 N.C. App. 652, 241 S.E. 2d 693 (1977).[5] The Court of Appeals vacated this order in its entirety and remanded the case to the district court "for further proceedings not inconsistent with" *Phillips* and *Elmwood*. Plaintiff's motion to dissolve the 6 December 1977 stays was denied.

We issued our writ of certiorari on plaintiff's application to consider the correctness of the Court of Appeals' 5 June 1978 rulings. We conclude that all these rulings must be vacated on procedural grounds.

[1] Defendant's appeal from Judge Henderson's 27 September 1977 order was simply not before the Court of Appeals on 5 June 1978. Defendant's challenge to that order, *qua* appeal on its merits, was derailed procedurally when defendant failed to comply with the Rules of Appellate Procedure following Judge Henderson's settlement of the record on appeal. Within ten days

---

5. This opinion was later modified in *Elmwood v. Elmwood*, 295 N.C. 168, 244 S.E. 2d 668 (1978).

of the settlement on 16 February 1978 defendant was required to obtain the clerk's certification of the record. App. R. 11(e). Within ten days of the clerk's certification of the record, and no later than 150 days after giving notice of appeal, defendant was required to file the settled record in the Court of Appeals. App. R. 12(a). He did neither of these things. He did nothing within the time permitted by the Rules.

"Ordinarily our legal system operates in an adversary mode. One incident of this mode is that only those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions. This can be a strict requirement." *In re Lancaster*, 290 N.C. 410, 424, 226 S.E. 2d 371, 380 (1976). The Rules of Appellate Procedure are mandatory. *Walter Corporation v. Gilliam*, 260 N.C. 211, 132 S.E. 2d 313 (1963). They are designed to keep the process of perfecting an appeal flowing in an orderly manner. "Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process." *Ledwell v. County of Randolph*, 31 N.C. App. 522, 523, 229 S.E. 2d 836, 837 (1976). Thus, where an appellant fails "within the time allowed by these rules or by order of the court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed. Prior to the docketing of an appeal in an appellate court motions to dismiss are to be made to the court . . . from which appeal has been taken." App. R. 25. A failure by appellant to meet the requirements of App. R. 11(e), *Ledwell v. County of Randolph, supra*, or to comply with the mandate of App. R. 12(a), *Byrd v. Alexander*, 32 N.C. App. 782, 233 S.E. 2d 654 (1977), works a loss of the right of appeal. *In re DeFebio*, 237 N.C. 269, 74 S.E. 2d 531 (1953). Judge Henderson thus acted correctly on 6 April 1978 in dismissing defendant's appeal from the order of 27 September 1977. The Court of Appeals erred in ignoring this ruling. There being no appeal pending in the appellate division after the appeal's dismissal on 6 April, the Court of Appeals had no authority on 5 June to consider the merits of the order.

[2] Nor was this order placed before the Court of Appeals for review by way of defendant's petition for certiorari filed on 6 March. That petition was made solely for the purpose of preserving an exception to the trial judge's settlement of the record; it

Craver v. Craver

did not itself serve to keep alive the case on appeal.[6] Neither did it suffice as a petition for certiorari to review matters *other* than the challenged settlement of the record. When used as at common law to bring up for review the judicial action of an inferior tribunal, certiorari triggers appellate scrutiny not of the full case, but only of the action complained of. *Harrell v. Powell*, 249 N.C. 244, 106 S.E. 2d 160 (1958); *Belk's Department Stores, Inc. v. Guilford County*, 222 N.C. 441, 23 S.E. 2d 897 (1942). If the Court of Appeals had desired to exercise its supervisory powers under G.S. 7A-32(c) and treat the defendant's March 6 petition as one intended to bring up the entire case for review, the proper course would have been to require the settled record to be duly docketed for briefing pursuant to App. R. 12(b) and 13 *prior* to the dismissal of 6 April. This step not only would have forced the perfection of defendant's appeal and insulated it from dismissal by the district court, but also would have afforded plaintiff the critical opportunity to be heard on the merits of the appeal.[7] As it was, the appeal itself expired of its own inertia in early April. The Court of Appeals was without jurisdiction two months later to revive by a petition for limited certiorari defendant's right to bring up a case on appeal which had been lost by defendant's procedural defaults. *Bell v. Nivens*, 225 N.C. 35, 33 S.E. 2d 66 (1945); *State v. Freeman, supra,* n. 6. Its action in vacating the 27 September order must itself be vacated. *Shepard v. Leonard*, 223 N.C. 110, 25 S.E. 2d 445 (1943).

[3] The Court of Appeals also erred in denying plaintiff's motion to dissolve the 6 December stay of Judge Henderson's 27 September order. Application to the appellate division to stay a determination of an inferior court is properly considered only "when an appeal has been taken or a petition for mandamus, prohibition, or certiorari has been filed to obtain review of the judgment, order, or other determination." App. R. 23(a)(1). The writ of supersedeas may issue only in the exercise of, and as ancillary to,

6. Generally the action of the trial judge in settling the record on appeal when the parties cannot agree thereon is final and not subject to direct appeal. However, a challenge to the trial court's settlement may be preserved by an application for certiorari *made incidentally* with the perfection of the appeal upon what record there is. Perfection, including docketing, is still necessary to the preservation of the whole appeal because until a record on appeal is filed and docketed, there is nothing pending before the appellate division. The bare petition for certiorari to review the settlement does not itself suffice as a record of the "case on appeal." *State v. Freeman*, 114 N.C. 872, 19 S.E. 630 (1894); *State v. Waddell*, 3 N.C. App. 58, 164 S.E. 2d 75 (1968). *See State v. Gooch*, 94 N.C. 982 (1886); *Lindsay v. Brawley*, 226 N.C. 468, 38 S.E. 2d 528 (1946).

7. It should be beyond question that the right to notice and an opportunity to be heard on motions in a lawsuit is "critically important to the non-movant"; its omission by the court cannot be considered of little consequence. *Pask v. Corbitt*, 28 N.C. App. 100, 220 S.E. 2d 378 (1975).

the revising power of an appellate court; its office is to preserve the *status quo* pending the exercise of appellate jurisdiction. *New Bern v. Walker*, 255 N.C. 355, 121 S.E. 2d 544 (1961); *Bank v. Stanley*, 13 N.C. (2 Dev.) 476 (1830). When an appeal of the order to which the stay of supersedeas is directed is not perfected, the stay must be dissolved. Since defendant neither perfected his appeal from the 27 September order nor made timely application for certiorari to have the order reviewed as on appeal, the Court of Appeals should have granted plaintiff's motion to have the stay dissolved.

Likewise the Court of Appeals erred in failing to dissolve its stay of Judge Henderson's 22 November 1977 order. There is nothing in any of the papers before us suggesting that defendant even purported to appeal from this order. Nothing indicates that he excepted to it, gave notice of appeal from it, or even asked that it be included in the record on appeal relating to the 27 September order.

Therefore the 5 June 1978 rulings of the Court of Appeals vacating Judge Henderson's 27 September 1977 order and denying plaintiff's motion to dissolve the stays of 6 December 1977 are reversed. Because of defendant's procedural defaults, the orders of the trial division remain in full force and effect.

Reversed.

Justices BRITT, BROCK, and CARLTON did not participate in the consideration or decision of this case.