WILLIAM CHARLIE WILKINS, AND MORSEY LEE WILKINS, GUARDIAN AD
LITEM FOR TERESA DIANE WILKINS AND DEBORAH ANNETTE WILKINS v. MAT-
THEW HAROLD GREEN

No. 847SC887

(Filed 6 August 1985)

**Appeal and Error § 24.1— broadside assignments of error—dismissal of appeal**
       Appeal is dismissed for failure to comply with App. Rule 10(c) where ap-
    pellant attempted to present several different questions of law in each assign-
    ment of error.

APPEAL by plaintiffs from *Allsbrook, Judge.* Judgment en-
tered 13 April 1984 in Superior Court, NASH County. Heard in the
Court of Appeals 16 April 1985.

*Farris and Farris by Thomas J. Farris and Robert A. Farris,
Jr., for plaintiff appellants.*

*Battle, Winslow, Scott & Wiley by Robert L. Spencer for de-
fendant appellee.*

COZORT, Judge.

The defendant was driving along Rural Paved Road 1717 in
Nash County at approximately 8:15 p.m. on 1 September 1980,
when his car struck Teresa Diane Wilkins, then age 13, and
Deborah Annette Wilkins, then age 16, who were walking along
the road in the same direction as defendant. Both girls suffered
serious injuries resulting in medical treatment. Both of the girls,

either by herself or by Guardian Ad Litem, sued the defendant, alleging careless and negligent operation of his automobile. The jury returned a verdict for the defendant. Plaintiffs appealed.

In their first assignment of error, plaintiffs ask this Court to review 22 exceptions taken to the trial court's overruling plaintiffs' objections dealing with a variety of evidentiary issues to see whether the sum total of the overruled objections "rise to the level of reversible error." Some exceptions deal with alleged leading of the witness, others with alleged hearsay, and others with non-responsive answers, opinion evidence, and the use of exhibits and diagrams. Plaintiffs' second assignment of error is similar, requesting a review of the trial court's sustaining of several objections of the defendant to plaintiffs' attempts at the introduction of evidence. The exceptions relate to claims of hearsay, opinion evidence and leading the witness. In what appears to be a third assignment of error, unnumbered in the record, plaintiffs challenge several portions of the trial court's charge to the jury, based on a variety of issues, including children on highways, time of sunset and use of headlights, and use of due caution. This assignment also includes exceptions dealing with the trial court's failure to set aside the verdict as being contrary to the evidence and with taking exhibits into the jury room.

Each purported assignment of error brought forward by the plaintiffs is clearly in violation of Rule 10(c), N.C. Rules App. Proc., which provides, in pertinent part, that "[e]ach assignment of error shall be consecutively numbered; shall, so far as practicable, be confined to a single issue of law; shall state plainly and concisely and without argumentation the basis upon which error is assigned; and shall be followed by a listing of all the exceptions upon which it is based." We find nothing in the record to justify plaintiffs' grouping of exceptions in a manner clearly in violation of Rule 10(c). " '[O]nly those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions.' [Citation omitted.] The Rules of Appellate Procedure are mandatory. [Citation omitted.] They are designed to keep the process of perfecting an appeal flowing in an orderly manner. [Citation omitted.]" *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E. 2d 357, 361 (1979). "An assignment of error which 'attempts to present several different questions of law in one assignment [is]

. . . broadside and ineffective.' [Citations omitted.]" *State v. Mc-Coy*, 303 N.C. 1, 19, 277 S.E. 2d 515, 529 (1981).

We have examined the record and briefs, and we are convinced that plaintiffs' appeal lacks merit and that there is no basis under Appellate Rule 2 upon which we should waive plaintiffs' violations of Appellate Rule 10. For failing to comply with the Rules of Appellate Procedure, plaintiffs' appeal is

Dismissed.

Judges ARNOLD and PHILLIPS concur.