STATE OF NORTH CAROLINA v. EDDIE WAYNE GILLESPIE

No. 7625SC543

(Filed 17 November 1976)

1. **Criminal Law § 151— appeals governed by Rules of Appellate Procedure — mandatory nature**
   The N. C. Rules of Appellate Procedure are mandatory, and a defendant's appeal is subject to dismissal for violation of the rules.

2. **Criminal Law § 137— possession of marijuana — correction of judgment and commitment to conform to verdict**
   Judgment and commitment which recite that defendant was found guilty of felonious possession of marijuana with intent to distribute are corrected to conform with the verdict of guilty of possession of more than one ounce of marijuana.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 17 February 1976 in Superior Court, BURKE County. Heard in the Court of Appeals 10 November 1976.

Defendant was tried and convicted of the felonious possession of marijuana under G.S. 90-95 (d) (4), and sentenced to a term of not less than three nor more than five years' imprisonment.

State v. Gillespie

*Attorney General Edmisten, by Associate Attorney Jerry B. Fruitt, for the State.*

*McMurray, Triggs & Hodges, by Robert E. Hodges, for the defendant.*

BROCK, Chief Judge.

The record on appeal in this appeal was settled by agreement on 21 May 1976. The North Carolina Rules of Appellate Procedure, Rule 11(e) provides that "[w]ithin 10 days after the record on appeal has been settled . . . the appellant shall present the items constituting the record on appeal to the clerk of superior court for certification." Appellant in this case waited from 21 May 1976 until 28 June 1976 to obtain the clerk's certification, a total of 38 days.

The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.

[1] The North Carolina Rules of Appellate Procedure are mandatory. "These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . . " App. R. 1(a).

[2] For violation of the rules this appeal is subject to dismissal. However, we note from the face of the record that the recitation in the judgment is inconsistent with the trial, the judge's instructions, and the verdict. The recitation in the judgment should be corrected and an amended commitment issued.

The bill of indictment charged defendant with the possession of marijuana with intent to sell and deliver. G.S. 90-95 (a)(1). The trial judge instructed the jury that it was to consider only the offense of possession of more than one ounce of marijuana. G.S. 90-95(d)(4). The jury returned a verdict of guilty upon the offense submitted by the court under G.S. 90-95(d)(4). The punishment imposed does not exceed the maximum provided for a conviction under G.S. 90-95(d)(4). Never-

theless, the judgment and commitment recite that the defendant was found guilty "of the offense of felonious possession of marijuana with intent to distribute. . . "

We find no prejudicial error in the trial. This cause is remanded with instructions that the Clerk of Superior Court, Burke County, strike from the judgment and commitment the words "with intent to distribute" appearing in the second paragraph thereof, to the end that the second paragraph of the judgment and commitment shall read: "Having been found by a jury guilty of the offense of felonious possession of marijuana which is a violation of G.S.  __ and of the grade of felony." The said clerk is further directed to issue an amended commitment to conform with the judgment and commitment as corrected.

Remanded with instructions.

Judges PARKER and HEDRICK concur.