In The Matter of: WILLIAM ARNOLD ALLEN, VICKIE FAY ALLEN, VICTOR ARNOLD ALLEN, JR., FRANKIE SUSAN ALLEN, AND BELINDA GAIL ALLEN

No. 7617DC548

(Filed 1 December 1976)

Appeal and Error § 39— settled record on appeal — failure to file in apt time — absence of clerk's certification

Appeal is dismissed for failure to comply with the Rules of Appellate Procedure where the record on appeal was filed in the appellate court more than 150 days after notice of appeal was given in violation of App. R. 12(a), the settled record on appeal was never presented to the clerk for certification as required by App. R. 11(e), and the record on appeal was not filed in the appellate court within 10 days after certification by the clerk as required by App. R. 12(a).

APPEAL by defendant from *Clark, Judge.* Judgment entered 23 January 1976 in District Court, SURRY County. Heard in Court of Appeals 17 November 1976.

This is a civil proceeding instituted pursuant to G.S. 7A-288 by the Surry County Department of Social Services to permanently terminate the parental rights of respondents, Victor Arnold Allen, Sr., and Helen Josephine Tate Allen to their five minor children, William Arnold Allen, Vickie Fay Allen, Victor Arnold Allen, Jr., Frankie Susan Allen, and Belinda Gail Allen. By an order dated 19 February 1973 the court placed the children in question in the custody of the Surry County Department of Social Services. On 10 November 1975 the Department of Social Services petitioned the court to permanently terminate the parental rights of the respondents to the minor children. After a hearing on 23 January 1976, at which time the re-

spondents were present and represented by counsel, the court made findings and conclusions and entered an order in open court that respondents' parental rights to the minor children be permanently terminated. Respondent, Helen Josephine Tate Allen, appealed.

*Folger & Folger by Larry Bowman for petitioner appellee.*

*William G. Reid for respondent appellant.*

HEDRICK, Judge.

The judgment from which respondent appeals was entered in open court on 23 January 1976, and respondent gave notice of appeal in open court on that same day. The record on appeal was filed in this Court on 6 July 1976, more than 150 days from the date of the giving of the notice of appeal in violation of App. R. 12(a). No extension of time within which to file the record on appeal was granted by this Court. App. R. 27(c).

The record before us indicates that the clerk of superior court certified the record on appeal on 6 April 1976, although the record was not settled until 20 June 1976 pursuant to App. R. 11(b). The settled record on appeal was never presented to the clerk for certification in violation of App. R. 11(e), and the record on appeal was not filed in this Court within 10 days after certification by the clerk in violation of App. R. 12(a).

We think it appropriate to repeat what Chief Judge Brock said in *Ledwell v. County of Randolph,* 31 N.C. App. 522, 229 S.E. 2d 836 (1976):

> "The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.

> "The North Carolina Rules of Appellate Procedure are mandatory. 'These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . .' App. R. 1(a)."

For respondents' failure to comply with the Rules of Appellate Procedure, the appeal is

Dismissed.

. Chief Judge BROCK and Judge PARKER concur.