---
White v. Lawrence
---

J. C. WHITE, GUARDIAN FOR LUCILLE R. WHITE, INCOMPETENT v. JOHNNY
L. LAWRENCE AND WIFE, ERMA D. LAWRENCE

No. 762SC915

(Filed 6 July 1977)

**Criminal Law §§ 155.1, 161.3— failure to comply with appellate rules of
procedure — appeal dismissed**

    Defendants' appeal is dismissed for failure to comply with App.
R. 12(a) requiring that the record on appeal be filed within 10 days
after certification and App. R. 28(b)(3) requiring that, following each
question presented in the brief, reference to the assignments of error
and exceptions pertinent to the questions should be made.

APPEAL by defendants from *Webb, Judge.* Judgment entered
15 June 1976 in Superior Court, MARTIN County. Heard in the
Court of Appeals 7 June 1977.

This is an action to set aside a deed from Lucille White to
defendants for a house and lot. The deed was dated 11 April
1975 and acknowledged by Lucille White on 28 April 1975. The
complaint alleged that Lucille White was not mentally com-
petent to execute a deed.

Plaintiff offered evidence tending to show the following:
Lucille White was suffering from arteriosclerosis. She suffered
a stroke in November 1971 and from that time her memory and
coherence deteriorated. She was frequently hospitalized during
1974 and 1975. She was in the hospital from 4 April 1975 until
she was discharged on 11 April 1975, the date of the deed in
question. The deed in question was not prepared by the attorney
who regularly handled her legal affairs. Lucille White was de-
clared mentally incompetent on 23 May 1975 and plaintiff, her
son, was appointed guardian for her.

In May 1974 plaintiff employed defendant Erma Lawrence to
care for Lucille White. He paid Erma Lawrence $100.00 per week
and furnished a house rent free for defendants to live in on
Lucille White's property. This is the house included in the deed
in question. Defendant Johnny Lawrence arranged for a survey
of the lot, to include the house, in April 1975 to obtain a descrip-
tion for the deed in question. Plaintiff knew nothing of the
preparation or execution of the deed in question until it was
filed for recording in the Register of Deeds office. The Register
of Deeds called plaintiff to advise him of it.

---

White v. Lawrence

---

Plaintiff offered numerous witnesses, including Lucille White's doctor, minister, attorney (who did not prepare the deed in question), neighbors, daughter, son-in-law, and son, all of whom testified that on 28 April 1975 Lucille White did not have the mental ability to understand the nature of the act of executing a deed or its scope and effect.

The two defendants testified to their close association with Lucille White and that in their opinion she had sufficient mental capacity on 28 April 1975 to understand the nature and consequences of making a deed and to know the land and to whom she was giving it. Defendants' evidence tended to show that on numerous occasions Lucille White had stated that she wanted to give defendant Erma Lawrence some land so that she would have a place to live.

The jury found that Lucille White was mentally incompetent on 28 April 1975 to execute the paper writing dated 11 April 1975 purporting to convey property to the defendants. Defendants gave notice of appeal.

*Griffin & Martin, by Clarence W. Griffin, for plaintiff.*

*Moore & Moore, by Regina A. Moore, for defendants.*

BROCK, Chief Judge.

The record on appeal in this case was certified by the Clerk of Superior Court, Martin County, on 1 October 1976. Appellate Rule 12(a) requires: "Within 10 days after certification of the record on appeal by the clerk of superior court . . . the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." The record on appeal in this case was filed with the Clerk of this Court on 1 November 1976, 31 days after certification. Perhaps it is well to state again what we said in *State v. Gillespie,* 31 N.C. App. 520, 230 S.E. 2d 154 (1976); in *Ledwell v. County of Randolph,* 31 N.C. App. 522, 229 S.E. 2d 836 (1976); and in *In re Allen,* 31 N.C. App. 597, 230 S.E. 2d 423 (1976): "The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension."

In their brief defendants have failed to refer us to the assignments of error and exceptions pertinent to the questions argued. Appellate Rule 28(b)(3) provides: "Immediately following each question [presented in the brief] shall be a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages of the printed record on appeal at which they appear."

The North Carolina Rules of Appellate Procedure are mandatory. "These rules govern procedure in all appeals from the courts of the trial division to the courts of the appellate division; ... " App. R. 1(a).

Appeal dismissed.

Judges HEDRICK and MARTIN concur.