STATE OF NORTH CAROLINA v. JESSE ELY BROWN, JR., PALMER JUNIOR COFFEY

No. 7924SC328

(Filed 4 September 1979)

**Criminal Law § 155.1— failure to file record on appeal in apt time**
    Appeal is dismissed for failure of appellants to file the record on appeal within 150 days after giving notice of appeal as required by App. R. 12(a).

APPEAL by defendants from *Howell, Judge.* Judgments entered 15 September 1978 in Superior Court, WATAUGA County. Heard in the Court of Appeals 20 August 1979.

*Attorney General Edmisten, by Assistant Attorney General R. W. Newsom III, for the State.*

*Richard E. Mattar for defendant Jesse Ely Brown, Jr.*

*Gerald I. Applefield for defendant Palmer Junior Coffey.*

MARTIN (Harry C.), Judge.

Defendants Brown and Coffey appeal from convictions for armed robbery and common law robbery, respectively. Judgment was entered against each defendant on 15 September 1978. Brown entered notice of appeal on 15 September 1978; and Coffey, on 25 September 1978. A joint record on appeal was filed in this Court on 11 April 1979.

As to Brown, the record on appeal was filed 208 days after giving notice of appeal. With regard to Coffey, it was filed 198 days after his notice of appeal. Rule 27(a), North Carolina Rules of Appellate Procedure.

Neither defendant has filed a motion in this Court requesting extension of time in which to file the record on appeal pursuant to App. R. 27(c). Neither defendant has filed a petition for writ of certiorari pursuant to App. R. 21.

Defendants violated App. R. 12(a) in filing their record on appeal more than 150 days after giving notice of appeal.

The North Carolina Rules of Appellate Procedure are mandatory. *In re Allen*, 31 N.C. App. 597, 230 S.E. 2d 423 (1976). "These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . .." Rule 1(a), North Carolina Rules of Appellate Procedure.

In *Pruitt v. Wood*, 199 N.C. 788, 156 S.E. 126 (1930), the appellant failed to docket his appeal in the Supreme Court within the time allowed by the Rules of Practice in the Supreme Court. Speaking for the Court, Chief Justice Stacy said:

> We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. *Calvert v. Carstarphen*, 133 N.C., 25, 45 S.E., 353. They may not be disregarded or set at naught (1) by act of the Legislature (*Cooper v. Commissioners*, 184 N.C., 615, 113

S.E., 569), (2) by order of the judge of the Superior Court (*Waller v. Dudley*, 193 N.C., 354, 137 S.E., 149), (3) by consent of litigants or counsel. *S. v. Farmer*, 188 N.C., 243, 124 S.E., 562. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. *Womble v. Gin Co.*, 194 N.C., 577, 140 S.E., 230. See *Porter v. R. R.*, 106 N.C., 478, 11 S.E., 515, for summary of the decisions.

. . . The work of the Court is constantly increasing, and, if it is to keep up with its docket, which it is earnestly striving to do, an orderly procedure, marked by a due observance of the rules, must be maintained. When litigants resort to the judiciary for the settlement of their disputes, they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties. *Battle v. Mercer*, 188 N.C., 116, 123 S.E., 258. . . .

On facts identical in principle with those appearing on the present record, the appeal in the case of *Stone v. Ledbetter*, 191 N.C., 777, 133 S.E., 162, was dismissed *ex mero motu*. The present appeal will be treated in like fashion. . . .

. . . .

We are minded to say, that hereafter, in disposing of appeals for failure to comply with the rules, the Court shall not feel impelled to state the reasons for its decisions, or to file written opinions in such cases. Hence, when a case is dismissed on authority of *Pruitt v. Wood* (this case), the profession will understand that it is for a failure in some respect to comply with the rules, whether specifically mentioned herein or not, and that the Court cannot pause to discuss the procedural question, but must conserve its time for the consideration of other matters.

*Id.* at 789-90, 792, 156 S.E. at 127-28.

This opinion of Chief Justice Stacy, though written almost fifty years ago, is especially pertinent today. Counsel must comply with the Rules of Appellate Procedure in order for this Court to properly discharge its duties.

For failing to comply with the Rules of Appellate Procedure, the joint appeal of defendants Brown and Coffey is

Dismissed.

Chief Judge MORRIS and Judge PARKER concur.