STATE OF NORTH CAROLINA v. CARL OXENDINE

No. 7912SC428

(Filed 16 October 1979)

**Criminal Law § 156.1— certiorari granted—filing of record on appeal not timely**
Defendant's appeal is dismissed where he did not file the record on appeal until almost five months after the Court of Appeals entered an order of certiorari.

ON writ of certiorari to review proceedings before *Godwin, Judge.* Judgment entered in Superior Court, HOKE County.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Philip A. Diehl, for defendant appellant.*

ERWIN, Judge.

Defendant was tried and convicted for the offense of murder in the second degree at the 24 April 1978 Session of the Superior Court of Hoke County. Defendant appealed as a matter of right. The appeal was dismissed as provided for by law when the defendant did not file or serve his proposed record on appeal within the time allowed.

Defendant, through counsel, applied to this Court for a writ of certiorari which we allowed on 14 December 1978. Our writ of certiorari provided in part: "The defendant shall cause the record on appeal to be settled and certified as provided in Rule 11 of the Rules of Appellate Procedure, the appeal being considered as taken on the date of this order." The date of the order is the 14th day of December, 1978. The record in the case *sub judice* was filed in this Court on 9 May 1979 without any extension of time granted by the Superior Court.

Rule 11 of the Rules of Appellate Procedure provides in part:

"SETTLING THE RECORD ON APPEAL; CERTIFICATION

(a) *By Agreement.* Within 30 days after appeal is taken, the parties may by agreement entered in the record on appeal settle a proposed record on appeal prepared by any party in accordance with Rule 9 as the record on appeal.

(b) *By Appellee's Approval of Appellant's Proposed Record on Appeal.* If the record on appeal is not settled by agreement under Rule 11(a), the appellant shall, within 30 days after appeal is taken, file in the office of the clerk of superior court and serve upon all other parties a proposed record on appeal constituted in accordance with the provisions of Rule 9. Within 15 days after service of the proposed record on appeal upon him an appellee may file in the office of the clerk of superior court and serve upon all other parties a notice of approval of the proposed record on appeal, or objections, amendments, or a proposed alternative record on appeal in accordance with Rule 11(c). If all appellees within the times allowed them either file notices of approval or fail to file either notices of approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal."

This Court stated in *State v. Gillespie*, 31 N.C. App. 520, 521, 230 S.E. 2d 154, 155 (1976), *dis. rev. denied,* 291 N.C. 713, 232 S.E. 2d 205 (1977):

"The time schedules set out in the rules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time by the trial court if counsel can show good cause for extension.

The North Carolina Rules of Appellate Procedure are mandatory. 'These rules govern procedure in all appeals from the courts of the trial divisions to the courts of the appellate division; . . .' App. R. 1(a).

For violation of the rules this appeal is subject to dismissal."

Defendant does not explain why so much time was taken to prepare this record on appeal in violation of our order.

Appeal dismissed.

Judges VAUGHN and HILL concur.