DAVID E. HANES AND WIFE, LINDA S. HANES v. JAMES H. KENNON

No. 7922SC868

(Filed 6 May 1980)

1. Easements § 8.4 — right of way granted by deed — width and location

　　In an action to determine the width and location of defendant's right of way across plaintiffs' land pursuant to a 1958 deed granting defendant a right of way "of such width as is necessary and reasonable to provide adequate ingress and egress over the grantor's property" to the property conveyed to defendant, the evidence supported the trial court's judgment allowing defendant a right of way 28 feet wide at a location generally along an existing roadway which is only 12 to 14 feet wide.

2. Appeal and Error § 24.1 — failure to preserve exceptions and assignments of error — dismissal of appeal

　　Appeal is subject to dismissal where appellants failed to make any reference to the assignments of error and exceptions pertinent to the questions presented and failed to identify them by number and by pages of the record at which they appear.

APPEAL by plaintiffs from *McConnell, Judge*. Judgment entered 4 May 1979, and amended judgment signed 26 May 1979 in DAVIDSON County Superior Court. Heard in the Court of Appeals 20 March 1980.

This is an action to determine the width and location of the defendant appellee's road right of way. Plaintiffs and defendant are the owners of adjoining parcels of land with a common source of title. Plaintiffs acquired title to their tract on 8 March 1978. The defendant acquired title to his tract 14 July 1958. Defendant's deed contained the following proviso:

Also conveyed with this instrument is a road right of way leading from the Sowers Road through the grantor's property to the property conveyed herein. Said right of way is to be of such width as is necessary and reasonable to provide adequate ingress and egress over the grantor's property from the Sowers Road to the property herein conveyed.

The right of way serving the defendant's property runs through the property now owned by plaintiffs. There had been in existence for many years, even prior to the defendant's original deed, an old road approximately twelve to fourteen feet wide, across the property now owned by the plaintiffs. On or about 13 March 1978, defendant went onto the roadway and began clearing trees on either side for a total width of approximately thirty feet. Plaintiffs filed suit on 15 March 1978, asking that the defendant be restrained from enlarging the roadbed, and from trespassing on plaintiff's property outside of the existing roadbed. A preliminary injunction continuing the temporary restraining order in force was entered on 11 April 1978. The case was tried before the judge without a jury. Both parties stipulated prior to trial that all claims for damages would be waived and the only material issues for the jury were the width and location of the right of way. The trial judge visited the location of the roadway, heard witnesses, found facts, made conclusions of law, and entered a judgment dissolving the temporary restraining order and allowing the defendant a right of way twenty-eight feet wide at a location generally along the existing old roadway. Plaintiffs appealed.

*W. L. Stafford, Jr., for plaintiff appellants.*

*Jerry B. Grimes and Beamer H. Barnes for defendant appellee.*

HILL, Judge.

[1] Plaintiffs make eighteen assignments of error, based on twenty-five exceptions, and bring forward five questions for review. Plaintiffs succinctly assert, however, that the primary question to be resolved in the appeal is how much right of way was conveyed in 1958 by the deed to the defendant.

Plaintiff appellants contend there had been in existence across their servient tenement for a period of many years an old narrow right of way which had remained constant from the time the defendant acquired his right of way until March 1978, at which time the defendant asserted a right to a larger thirty-foot right of way. Plaintiffs cite *Borders v. Yarborough*, 237 N.C. 540, 75 S.E. 2d 541 (1953), as controlling, in which the Court, at page 542, says:

> It is stated in 110 A.L.R. Annotations, p. 175 'where the grant of an easement of way does not definitely locate it, it has been consistently held that a reasonable and convenient way for all parties is thereby implied, in view of all the circumstances' (Citing numerous authorities); and also at p. 178 'It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and use of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant.

Plaintiffs further contend the deed conveying the right of way should be construed in view of the circumstances and the intentions of the parties at the time of the execution of the deed in 1958. We agree.

The defendant appellee contends that the trial judge sat without a jury, visited the premises with counsel for both parties, heard the evidence, made findings of fact, reached conclusions of law, and entered judgment for the defendant. This Court is bound by the trial court's findings when there is competent evidence to support them. *Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368 (1975); *Scott v. Shackelford*, 241 N.C. 738, 86 S.E. 2d 453 (1955).

Plaintiffs have objected to admissibility of certain evidence considered by the court. We must keep in mind that a trial court sitting without a jury is deemed to have excluded any irrelevant and improper evidence. *State v. Davis*, 290 N.C. 511, 541, 227 S.E. 2d 97 (1976). The trial court has both the right and duty to seek information, particularly when it sits without the benefit of a jury to the end that justice will be done. *Everette v. Lumber Co.*, 250 N.C. 688, 694, 110 S.E. 2d 288 (1959).

We must now apply these basic principles of law to the facts of this case.

The only material issue is how wide the road easement granted in 1958 was.

Defendant testified that when he bought the land in 1958, he acquired it for building a house, possibly other houses in the future, and farming; that the existing road across the property was insufficient and inadequate in 1958; that he thought he was buying, and intended to buy, something more; that in 1958, the deed recognized the road was inadequate and empowered defendant to cut a new road wherever he wanted to; that he repaired a house using the existing road for delivery of materials when the weather was right; that he could not get in the road in rainy weather; that he had farmed the land over the last twenty years.

Mr. Myers, a land developer, testified an eighteen-foot road with six-foot slopes on either side, or twenty-two feet with an easement to trim the banks, would be sufficient; that the present road is not sufficient. Other witnesses testified a total of twenty-eight or thirty feet would be sufficient. Witness Joe Hedrick emphasized that thirty feet would have been adequate in 1958 and would be today.

Hence, it appears there was evidence to support the court's finding of facts, and we are bound thereby.

[2] Nevertheless, we must dispose of this case in another manner. The plaintiff appellants have failed to comply with the Rules of Appellate Procedure. The appellants summarized the questions for review at the beginning of appellants' brief. However, appellants failed to make any reference to the assignments of error and exceptions pertinent to the question and further failed to identify them by their numbers and by pages of the printed record at which they appear. Exceptions in the record not set out in the appellants' brief, or in support of which no reason or argument is stated or authority cited will be taken as abandoned. Rule 28(b)(3), Rules of Appellate Procedure. In the brief proper, appellants present arguments and refer to exception numbers and pages in the record, but do not tie the arguments to the question.

Exceptions not preserved and set forth as required by the Rules are deemed abandoned. For the reasons set out herein, the

appeal is subject to dismissal. The Rules of Appellate Procedure are mandatory. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979); *State v. Brown*, 42 N.C. App. 724, 257 S.E. 2d 668 (1979).

Appeal dismissed.

Judges PARKER and MARTIN (Harry C.) concur.