Lloyd v. Carnation Co.

---

BEN LLOYD v. CARNATION COMPANY, GARY WILLIER, AND WARREN MANUEL

No. 7915SC1120

(Filed 3 June 1980)

**Appeal and Error § 45.1– assignments of error not discussed in brief – appeal dismissed**

Defendants' appeal is dismissed where they failed to set forth in their brief the assignments of error and the exception pertinent to their argument.

APPEAL by defendants from *Battle, Judge.* Order entered 25 October 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 15 May 1980.

From September 1967 until January 1978 plaintiff distributed Carnation's bull semen in the States of Virginia, North Carolina and South Carolina. These states constituted plaintiff's "territory." By 1977, plaintiff and defendant Carnation began having disputes over the exclusivity of plaintiff's distributorship in Virginia. On 19 January 1978, Carnation terminated " . . . all prior distribution arrangements written or oral with [plaintiff]."

Plaintiff sued defendants. Defendants answered, and on 3 July 1979 made a Request for Production of Documents. Plain-

tiff responded on 11 July 1979, stating that he would comply with defendant's request, with certain exceptions.

On 23 July 1979, defendants made a motion pursuant to G.S. 1A-1, Rule 37, to compel discovery. Judge Battle, on 25 October 1979, ordered plaintiff to produce his list of customers in Virginia, but stated that plaintiff was not required to produce his lists of North Carolina and South Carolina customers. Judge Battle stated that plaintiff was not required to produce notes of conversations that were made since litigation had begun and did not require plaintiff to produce those portions of his tax returns "... which make no reference to Plaintiff's bull semen business ...." Defendants appealed from the interlocutory order.

*Powe, Porter, Alphin & Whichard, by Charles R. Holton and Eugene F. Dauchert, for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd and Frank J. Sizemore III, for defendant appellants.*

HILL, Judge.

Defendants have failed to comply with App. R 28(b)(3). Neither the assignments of error nor the exception pertinent to defendant's argument is set forth in the appellate brief. "Exceptions in the record not set out in appellant's brief ... will be taken as abandoned." App. R. 28(b)(3). The Rules of Appellate Procedure are mandatory. *Craver v. Craver,* 298 N.C. 231, 258 S.E. 2d 357 (1979); *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126 (1930); *State v. Brown,* 42 N.C. App. 724, 257 S.E. 2d 668 (1979), *disc. rev. denied, cert. granted,* 299 N.C. 123 (1980).

For failing to comply with the Rules of Appellate Procedure, defendants' appeal is

Dismissed.

Judges MARTIN (Robert M.) and ARNOLD concur.