State v. Smith

Reversed.

Chief Judge MORRIS and Judge ERWIN concur.

STATE OF NORTH CAROLINA v. A. D. SMITH, JR. AND ALEXANDER McRAE

No. 8016SC54

(Filed 19 August 1980)

1. Criminal Law § 155.1– record on appeal not timely filed

Defendants' appeal was subject to dismissal where they filed their record on appeal 159 days after notice of appeal was given, and no timely motion was made to extend the 150 day limit provided by the Rules of Appellate Procedure.

2. Narcotics § 3.1– conspiracy to sell heroin – events occurring after crime charged – competency – continuing offense

In a prosecution of defendants for conspiracy to possess heroin occurring on or about 10 July 1977, the trial court did not err in permitting a witness to testify concerning events transpiring on 22 February 1978, since the evidence for the State, which came from inside the conspiracy, revealed the unlawful possession, sale and delivery of heroin prior to 10 July 1977 and thereafter, and the wording of the indictments indicated a continuing offense.

3. Criminal Law § 169– challenged evidence – similar evidence subsequently admitted

Testimony concerning drug transactions which was challenged by defendants was competent where substantially the same evidence was thereafter elicited on cross-examination of another witness by defense counsel; defendants could not avail themselves of the exception to the rule applicable when the objecting party offers the evidence solely for the purpose of impeaching the credibility of the subject testimony, since defendants' questions went far beyond the scope of the State's presentation of the witness's criminal history and amplified the information the witness gave on direct examination; and the challenged testimony was competent because it would permit a jury to find that the acts were done in furtherance of the conspiracy charged in the bill of indictment.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 9 August 1979 in Superior Court, ROBESON County. Heard in the Court of Appeals 20 May 1980.

Defendants were indicted, tried and convicted of conspiring to possess a controlled substance, heroin, with the intent to sell "on the 10th day of July and prior thereto, 1977." From sentence of imprisonment, defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Barrington, Jones, Witcover, Carter & Armstrong, by C. Bruce Armstrong, for the defendant Alexander McRae and Moses, Diehl & Pate, by Philip A. Diehl for the defendant A. D. Smith, Jr.*

MARTIN (Robert M.), Judge.

[1] Notice of appeal was given by both defendants in open court on 9 August 1979. Their joint record on appeal was filed 15 January 1980 which is 159 days after giving notice of appeal. Rule 12(a) of the Rules of Appellate Procedure provides that: "Within 10 days after certification of the record on appeal by the clerk of superior court, but no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." No timely motion was made pursuant to App. Rule 27(c) to extend the 150-day limit by this court nor petition for writ of certiorari filed pursuant to App. Rule 21. For violation of the rules the appeal may be dismissed. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979); *State v. Brown*, 42 N.C. App. 724, 257 S.E. 2d 668 (1979), *disc. rev. denied* 299 N.C. 123, 261 S.E. 2d 924 (1980). (Petition by defendants for writ of certiorari to the North Carolina Court of Appeals allowed 8 January 1980); *In re Allen*, 31 N.C. App. 597, 230 S.E. 2d 423 (1976).

We have chosen, however, to consider the appeal on its merits pursuant to Rule 2 of the Rules of Appellate Procedure.

[2] In their first argument, defendants contend the court erred in permitting the testimony of Violet Faulk as to events transpiring on 22 February 1978. They argue that such events had no relevance to the alleged offense for which the defendants were being tried, to wit: conspiracy to possess heroin occurring on or about 10 July 1977. We do not agree.

The evidence for the State, coming from inside the conspiracy, reveals the unlawful possession, sale and delivery of heroin prior to 10 July 1977 and thereafter. The wording of the indictments indicates a continuing offense. Violet Faulk testified on cross-examination that she turned to heroin in October 1975; that "A.D. Smith turned me on to heroin." She stated that in the last part of 1975 "we had a $300.00 per day habit, my husband and I." She further testified on cross-examination: "We got money to support our habit from Mike's selling drugs. My husband would pay A.D. for the drugs he had given him beforehand. At that time we were selling drugs from our house ... near Red Springs."

The evidence for the State further tends to show that Mike Faulk procured heroin from the defendants and in 1977 sold it at Myrtle Beach from and after 15th or 16th of July for more than a month and from a money standpoint for about $15,000 to $20,000. "Each time I got drugs, I got them from A.D. Smith, Jr. at Alex's house at Rennert. Excuse me, I didn't go and get them every time. They were brought to me on a couple of occasions by A. D. Smith, Jr. When we met at Alex's house, he was present on every occasion but one."

[3] Defendants except to certain testimony included in the State's redirect examination of the witness Violet Faulk. The testimony is as follows:

Every time we were on methadone, A. D. Smith would come and give us heroin free. When we came back from Illinois, he gave Mike two $300.00 spoons for free to get Mike back to selling heroin for him again. Then we had to pay for the drugs.

Q. Now, the attorneys have asked you about something that happened on February the 22nd, 1978, when you pled guilty to selling heroin, among other things, to G. J. Arnold. Where did this take place?

A. At Alexander McRae's house in Rennert.

Q. Where was G. J. Arnold when you sold him the dope with respect to Alexander McRae's house.

A. He was outside in the car.

Q. All right, where had you gotten the dope to sell G. J. Arnold?

OBJECTION. (Both Defendants)

THE COURT: OVERRULED.

DEFENDANT SMITH'S EXCEPTION NO. 6

DEFENDANT McRAE'S EXCEPTION NO. 1

A. From inside Alexander McRae's house from Alexander McRae.

MR. BARRINGTON: Motion to strike.

THE COURT: OVERRULED.

DEFENDANT SMITH'S EXCEPTION NO. 7

DEFENDANT McRAE'S EXCEPTION NO. 2

Q. All right, now, earlier that day, that is earlier on February 22, 1978, had you been in the presence of A. D. Smith and G. J. Arnold?

A. Yes, sir.

Q. And had there been a conversation at that time?

A. Yes, sir.

Q. And had that conversation been between you and A. D. Smith?

A. Yes, sir.

Q. And concerning what, please, ma'am?

MR. BARRINGTON: OBJECTION.

---

---

THE COURT: OVERRULED.

### DEFENDANT SMITH'S EXCEPTION NO. 8

### DEFENDANT McRAE'S EXCEPTION NO. 3

A. I went to A. D. Smith to buy the heroin for G. J. Arnold, but A. D. said he was out, and before that period, A. D., Mike and I had bought a $600.00 spoon of heroin from A. D. Smith, and he had only give us one $300.00 spoon, and –

MR. BARRINGTON: OBJECTION.

THE COURT: Well, I'll sustain the objection.

Q. All right, was G. J. Arnold present and there when you talked to A. D. Smith about wanting some heroin and he said he was out?

A. Yes, sir.

MR. BARRINGTON. Move to strike her answer to that last question.

THE COURT: OVERRULED.

### DEFENDANT McRAE'S EXCEPTION NO. 4

We think the testimony challenged by defendant Smith's exceptions 6 and 7 and defendant McRae's exceptions 1 and 2 was competent because substantially the same evidence was thereafter elicited on cross-examination of Mike Faulk by counsel for McRae in the following testimony:

Q. In case number 78CRS8059, if you were not charged and convicted with on the 22nd day of February, 1978, feloniously conspiring with Violet Faulk to possess and deliver a controlled substance, to wit: heroin?

A. Yes, sir.

State v. Smith

Q. You were found guilty of that, were you not?

A. Yes, sir.

Q. I'll ask you if you were not, in case 78CRS8058, allegedly occurring on February 22, 1978, charged and found guilty with sale of a controlled substance, to wit: heroin to one G. J. Arnold?

A. Yes, sir, that was a buy G. J. and my wife made from Alex McRae.

The defendants cannot avail themselves of the exception to the rule applicable when the objecting party offers the evidence solely for the purpose of impeaching the credibility of the subject testimony, *State v. Godwin*, 224 N.C. 846, 32 S.E. 2d 609 (1945), because the appellants' questions went far beyond the scope of the State's presentation of Violet Faulk's criminal history and amplified the information Violet Faulk gave on direct examination. *State v. VanLandingham*, 283 N.C. 589, 197 S.E. 2d 539 (1973); 1 Stansbury's N.C. Evidence § 30 (Brandis Rev. 1973).

Moreover, we think the testimony challenged by defendant Smith's exceptions 6, 7 and 8 and defendant McRae's exceptions 1, 3 and 4 was competent because such evidence would permit a jury to find that the acts were done in furtherance of the conspiracy charged in the bill of indictment and during the pendency thereof, the same not having been terminated or abandoned. *State v. Conrad*, 275 N.C. 342, 168 S.E. 2d 39 (1969). There is nothing in the evidence to the effect that either of the appellants withdrew from the conspiracy before 22 February 1978 but their overt act on that date was committed in furtherance of the design which had theretofore been formed. *State v. Brewer*, 258 N.C. 533, 129 S.E. 2d 262 (1963). It was still a "going concern" and the acts of each conspirator were admissible in evidence against all parties to the agreement. *State v. Gallimore*, 272 N.C. 528, 158 S.E. 2d 505 (1968); *State v. Maynard*, 247 N.C. 462, 101 S.E. 2d 340 (1958); *State v. Gibson*, 233 N.C. 691, 65 S.E. 2d 508 (1951); *State v. Williams*, 216 N.C. 446, 5 S.E. 2d 314 (1939). Appellants' first argument is not sustained.

We do not agree with appellants' second argument that the court committed prejudicial error in permitting G. J. Arnold to testify as to events transpiring 22 February 1978. It was brought out on cross-examination of Violet Faulk that Arnold had seen her on 22 February 1978. Testimony that she had been in the presence of A. D. Smith came in without objection. If the quoted statement of Smith indicated a sale of heroin it constituted an admission relevant upon a charge of conspiracy. The acts and declaration of each conspirator made in furtherance of the object of the conspiracy are admissible in evidence against all parties to the agreement, regardless of whether they are present or whether they had actual knowledge of the acts or declarations. *State v. Gibson, supra.*

We find no prejudicial error in the court's admission into evidence of telephone records. Moreover, the State produced substantial other evidence implicating defendants. *State v. Branch,* 288 N.C. 514, 220 S.E. 2d 495 (1975).

Defendants' fourth and fifth arguments are without merit.

In the trial we find no error sufficiently prejudicial to require a new trial.

No error.

Judges ARNOLD and HILL concur.