STATE OF NORTH CAROLINA v. CAREY JOHNSON, JR.

No. 7818SC317

(Filed 19 September 1978)

**Criminal Law § 155.1— failure to serve and docket record within extended times**
    A criminal appeal is dismissed for failure of appellant to serve and docket his record on appeal within the extended times permitted by an order of the Court of Appeals.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 9 June 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 August 1978.

Defendant was charged in a bill of indictment, proper in form, with the felony of armed robbery of Spradley Supermarket, Inc., Flash Market #9. At trial he was identified by the two employees of Flash Market #9, one of whom had seen defendant on several occasions before the time of the robbery. Although defendant's defense was that he was ill and in the bed at the time of the robbery, the State's evidence was clearly sufficient to require that the case be submitted to the jury and to support the jury's verdict of guilty as charged. Judgment of imprisonment for a period of not less than 16 nor more than 22 years was entered. Defendant gave notice of appeal.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Assistant Public Defender, Frederick G. Lind, for the defendant.*

BROCK, Chief Judge.

On 9 June 1977, the day defendant gave notice of appeal, the trial judge allowed defendant 60 days to serve his proposed record on appeal.

On 2 August 1977 Judge Browning allowed defendant additional time until 28 September 1977 to serve his proposed record on appeal.

On 25 October 1977 Judge Seay allowed defendant additional time until 14 November 1977 to serve his proposed record on ap-

peal. Judge Seay's Order also allowed the State until 24 November 1977 to serve objections, amendments, or proposed alternative record on appeal.

On 31 October 1977, based upon Judge Seay's 25 October 1977 Order, defendant filed in this Court a motion for an extension of time beyond 150 days after giving notice of appeal within which to file the record on appeal in this Court.

By Order entered in this Court on 11 November 1977 this Court extended the time within which defendant should file the record on appeal in this Court upon the following terms: "Upon service of a proposed record on appeal and service of objections or proposed alternative record on appeal within the time limits set by the trial court extension order of 25 October 1977, the record shall be settled within the relevant time limit set by App. R. 11(c) and certified within the time limit set by App. R. 11(e). The record may then be filed within ten days thereafter, as required by App. R. 12(a), even though such filing might be more than 150 days after notice of appeal was given."

This Court's Order required defendant to serve his proposed record on appeal on or before 14 November 1977 in accordance with the trial court extension order. This the defendant did not do. He did not serve his proposed record on appeal until 31 March 1978.

The compliance with this Court's extension order required defendant to serve, settle, have certified, and file in this Court the record on appeal on or about 9 January 1978. This the defendant did not do. He did not file the record on appeal in this Court until 5 April 1978.

The time schedules set out in the rules, and such extension orders as may be entered, are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. "Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process." *Ledwell v. County of Randolph,* 31 N.C. App. 522, 229 S.E. 2d 836 (1976).

The North Carolina Rules of Appellate Procedure are mandatory. "These rules govern procedure in all appeals from the

courts of the trial divisions to the courts of the appellate division; . . . ." App. R. 1(a).

Appeal dismissed.

Judges HEDRICK and ARNOLD concur.