City of Hickory v. Machinery Co.

CITY OF HICKORY v. CATAWBA VALLEY MACHINERY COMPANY

No. 7725DC1036

(Filed 17 October 1978)

**Appeal and Error §§ 36.1, 39.1 — failure to serve and docket record in time**

Appeal is dismissed for failure of appellant to serve the proposed record on appeal within the time allowed by the trial judge and for failure of appellant to file the record on appeal within 150 days after giving notice of appeal as required by App. R. 12.

APPEAL by defendant from *Edens, Judge.* Judgment entered 17 May 1977 in District Court, CATAWBA County. Heard in the Court of Appeals 21 September 1978.

The City of Hickory instituted this action to require defendant to remove a canopy which allegedly violated the City's zoning ordinance. Prior to trial the parties stipulated: that defendant's property is zoned "general business"; that such zoning prohibits extensions of canopies or other structures into the "front yard", the space between the main building and the street or highway; that when the zoning ordinance was adopted in January 1967 defendant already had a canopy which constituted a permissible non-conforming use; that sometime prior to October 1973, defendant removed the canopy and within 360 days replaced it with a larger canopy; that defendant did not secure a building permit before constructing the new canopy; and that on 25 October 1973 defendant was notified by the City that defendant's canopy was in violation of the zoning ordinance.

At the conclusion of the hearing the trial judge determined that defendant's construction of the new canopy was in violation of the zoning ordinance and defendant was ordered to remove the canopy. Defendant appealed.

*Tate, Young & Morphis, by E. Murray Tate, Jr., for the plaintiff.*

*Rudisill & Brackett, by J. Steven Brackett, for the defendant.*

BROCK, Chief Judge.

Notice of appeal was given in this case on 23 May 1977. On that date the trial judge enlarged the time within which appellant

was to serve its proposed record on appeal upon the appellee to 60 days from entry of notice of appeal. Appellant did not serve its proposed record on appeal upon appellee until 21 November 1977, which was 122 days beyond the time allowed by the trial judge. No extension of time beyond the 23 May 1977 order appears in this record.

The Rules of Appellate Procedure, (Rule 12), requires that the record on appeal be filed in the appellate division no later than 150 days after giving notice of appeal. Notice of appeal was entered on 23 May 1977. The record on appeal was filed in this Court on 13 December 1977, 204 days after giving notice of appeal. No extension of time to file the record on appeal appears in this record.

The Rules of Appellate Procedure are mandatory unless the Appellate Division suspends them under App. R. 2. We decline to suspend the rules applicable in this case.

The time schedules set out in the rules and such extension orders as may be entered are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner. "Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process. There are generous provisions for extensions of time . . . if counsel can show good cause for extension." *Ledwell v. County of Randolph*, 31 N.C. App. 522, 229 S.E. 2d 836 (1976); *see also, State v. Johnson*, 38 N.C. App. 111, 247 S.E. 2d 286 (1978).

Appeal dismissed.

Judges CLARK and MARTIN (Harry C.) concur.