DON WEBB AND SUSAN WEBB, PLAINTIFFS v. DANNY CARROLL McKEEL, DEFENDANT

No. COA98-368

(Filed 6 April 1999)

### Appeal and Error— delay in serving record on appeal—appellate rules not suspended

An appeal was dismissed for untimely service of the proposed record on appeal where there were delays of approximately five and six weeks in moving to enlarge the time for service of the proposed record on appeal and actual service thereof. Granting plaintiffs' request for suspension of the rules under Rule 2 would be tantamount to a retroactive grant of an extension of time for service, which would overrule a prior decision of the Court of Appeals in this case. Moreover, plaintiff's request must be denied under the circumstances.

Appeal by plaintiffs from judgment entered 28 April 1997 by Judge Frank Brown in Wilson County Superior Court. Heard in the Court of Appeals 5 January 1999.

*King & Bryant, P.A., by D. Mitchell King, for plaintiffs-appellants.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiffs-appellants.*

*Walker, Barwick, Clark & Allen, L.L.P., by Jerry A. Allen, Jr., for defendant-appellee McKell.*

*Moore & Van Allen, P.L.L.C., by Christopher J. Blake, for defendant-appellee North Carolina Guaranty Insurance Association.*

*Cranfill, Summer & Hartzog, L.L.P., by Gregory M. Kash, for defendant-appellee Great American Insurance Company.*

PER CURIAM.

Plaintiffs appeal the trial court's entry of judgment, bringing forward thirty-eight (38) assignments of error. However, we are unable to reach the merits of these arguments as plaintiffs' appeal must be dismissed.

On 27 October 1997, plaintiffs filed timely notice of appeal from a jury verdict awarding plaintiff Don Webb $75,000.00 in compensatory damages arising from a motor vehicle collision, but finding against appellant Susan Webb on her loss of consortium claim. On 4 December 1997, the trial court granted plaintiffs' "Motion for Extension of Time to Serve a Proposed Record on Appeal" filed that same date, thereby extending until 31 December 1997 plaintiffs' time to serve the proposed record on appeal [hereinafter PROA] on all parties.

Having failed to meet the trial court's extended deadline, however, plaintiffs filed with this Court on 5 February 1998 a "Motion for Enlargement of Time" within which to serve the PROA. Plaintiffs sought extension "through and including February 13, 1998," citing as grounds that

[c]ounsel for [a]ppellant was not able to finalize and serve the [PROA] within the time allowed . . . [a]s a result of his obligations at the law school, the relocation of his office and his need to attend to [a] family crisis.

This Court denied plaintiffs' motion 12 February 1998.

Notwithstanding, on 13 February 1998, plaintiffs served the PROA on all parties. Defendant subsequently moved to dismiss plaintiffs' appeal 11 May 1998, asserting the PROA was not timely filed under the Rules of Appellate Procedure.

It is well established that the appellant "bears the burden of seeing that the record on appeal is properly settled and filed with this Court." *McLeod v. Faust*, 92 N.C. App. 370, 371, 374 S.E.2d 417, 418 (1988). Further,

[i]f after giving notice of appeal from any court . . . the appellant shall fail within the times allowed by these rules . . . to take action required to present the appeal for decision, the appeal may on motion of any other party be dismissed.

N.C.R. App. P. 25(a) (1999).

It is similarly well settled that the "Rules of Appellate Procedure are mandatory and failure to follow the rules subjects an appeal to dismissal." *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984). "Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process," *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361

(1979) (citations omitted), because the rules "are designed to keep the process of perfecting an appeal flowing in an orderly manner." *Id.*

In the case *sub judice*, plaintiffs' service of the PROA was accomplished forty-four (44) days following expiration of the trial court's extended deadline within which to serve such record. Significantly, that service was subsequent to denial by this Court of plaintiffs' motion to extend the service time, which motion itself was filed thirty-six (36) days after expiration of the time allotted by the trial court.

Plaintiffs concede untimely service of the PROA, but respond to defendant's motion to dismiss by requesting

this Court, pursuant to its [discretionary] authority under Rule 2, [to] suspend the Rules . . . [and] to treat the [PROA] as having been timely filed . . . [so as to] consider the merits of this case.

Plaintiffs cite as grounds essentially the identical arguments earlier asserted in the "Motion for Extension of Time" denied by this Court.

We conclude that permitting plaintiffs' appeal to go forward at this point would be tantamount to retroactive grant of an extension of time within which to serve the PROA, and that such grant would in effect overrule the prior decision of this Court denying an extension. This we may not do. *See Stone v. Martin*, 69 N.C. App. 650, 652, 318 S.E.2d 108, 110 (1984) (issuance of writ of certiorari by one panel of Court "is the law of the case and cannot be overruled by . . . any other panel of the Court of Appeals"); *cf. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (when "panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

Moreover, assuming *arguendo* this panel is not bound by the previous ruling on plaintiffs' motion, the "Rules of Appellate Procedure are mandatory unless the Appellate Division suspends them under App. R. 2." *City of Hickory v. Machinery Co.*, 38 N.C. App. 387, 388, 248 S.E.2d 71, 72 (1978). Under the instant circumstances, involving delays of approximately five and six weeks respectively in moving to enlarge the time for service of the PROA and actual service thereof, we must decline plaintiffs' request for suspension of the Rules and allow defendant's motion to dismiss plaintiffs' appeal.

Appeal dismissed.

Panel consisting of Judges GREENE, JOHN and HUNTER.