IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-840

No. COA22-172

Filed 20 December 2022

Lee County, No. 20 SP 95

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY HERBERT C. MORETZ dated April 11, 2001. RECORDED IN BOOK 745, PAGE 62, LEE COUNTY REGISTRY, BY EDDIE S. WINSTEAD, III, SUBSTITUTE TRUSTEE

Appeal by Respondent from an order entered 4 May 2021 by Judge J. Stanley Carmical in Lee County Superior Court. Heard in the Court of Appeals 4 October 2022.

> *Elizabeth Myrick Boone and Sanford Law Group, by Eddie Winstead, for Appellee Eddie S. Winstead, III, Substitute Trustee.*
>
> *The Key Law Office, by Mark A. Key, for Respondent-Appellant Amanda Tillman.*

INMAN, Judge.

¶ 1    Amanda Tillman ("Respondent") appeals from an order foreclosing on her home pursuant to an unpaid promissory note and unsatisfied deed of trust executed by the property's prior owner. Also pending before this Court are several motions, including: (1) a motion by Appellee Eddie S. Winstead, III, as Substitute Trustee (the "Trustee"), to dismiss the appeal for numerous gross and substantial appellate rule

violations; (2) two motions by Respondent to amend the record to include the order from which she appeals; and (3) a motion to strike Respondent's motions to amend and her responses to the motion to dismiss. After careful review, we grant the Trustee's motion to dismiss Respondent's appeal in light of the gross and substantial appellate rule violations evident in the record. We dismiss the remaining motions as moot.

## I.   FACTUAL AND PROCEDURAL HISTORY

### A. Underlying Facts and the Foreclosure Proceeding

¶ 2        Respondent was bequeathed a home in Lee County through a codicil to the Last Will and Testament of Herbert Moretz ("Decedent"). That property was subject to a 2001 deed of trust in favor of Sanford Financial, LLC, who also held a promissory note secured by the deed of trust evincing a $123,000 debt owed by Decedent. Decedent never repaid the loan.

¶ 3        Sanford Financial, LLC was originally incorporated in 2000 by organizer and registered agent Robert L. Underwood. The registered office was located in Raleigh. In 2005, Mr. Underwood filed articles of dissolution with the written consent of all members, who are unknown.

¶ 4        On 4 February 2020, Zachary M. Moretz filed articles of organization for another Sanford Financial, LLC with the Secretary of State. Zachary Moretz was listed as the registered agent, and the company's registered office was located in

Concord. The limited documents in the record do not disclose whether the new Sanford Financial, LLC is related to the previously dissolved entity of the same name, nor does the limited record show a transfer of Decedent's obligation to the new entity.

¶ 5 The new Sanford Financial served a notice of default on Decedent's estate on 28 August 2020. The estate failed to cure the default, so Sanford Financial pursued foreclosure. The foreclosure was heard before the clerk of superior court, who entered an order for foreclosure on 10 March 2021. Respondent appealed that order to Superior Court, though no notice of that appeal appears in the record.

¶ 6 The Superior Court heard Respondent's appeal on 19 April 2021. No transcript of the hearing has been filed with this Court, and the record on appeal only includes three of at least seven exhibits introduced at trial. The trial court entered an order of foreclosure on 4 May 2021, but that order is also absent from the record on appeal.

## B. Respondent's Notice of Appeal and Subsequent Trial Court Motions

¶ 7 Respondent filed a notice of appeal from the Superior Court's order on 12 May 2021. The certificate of service attached to the notice of appeal is irregular, as it states it was served on 6 May 2021 and signed by counsel four days later on 10 May 2021.

¶ 8 On 14 May 2021, Respondent filed a motion to stay the order of foreclosure, which was heard remotely on 3 June 2021 due to Respondent's counsel's positive COVID test. The trial court set an appeal bond at $20,000 and directed Respondent

to prepare and serve a written order. Respondent's counsel was hospitalized following the hearing and continued to experience serious health complications. No order granting the stay was prepared and entered until December 2021, and no bond was posted prior to that date.

¶ 9        Respondent was required to serve the proposed record on appeal by 20 September 2021 under N.C. R. App. P. 11(b) (2021),[1] as the transcript of proceedings was delivered on 5 August 2021. On 7 September 2021, Respondent filed a motion for extension of time to serve the proposed record up to and including 1 October 2021. The motion was never noticed or calendared for hearing. On 15 November 2021, approximately six weeks after the deadline for Respondent to serve a proposed record, the Trustee moved in the trial court to dismiss the appeal pursuant to N.C. R. App. P. 25(a) (2021). That motion was heard on 1 December 2021, at which time the trial court *sua sponte*, under an unspecified plenary power "to prevent manifest injustice," elected to hold the motion to dismiss in abeyance and extend Respondent's deadline to serve the proposed record to 15 December 2021.

¶ 10       Respondent served the proposed record on 15 December 2021, and the trial court subsequently denied the Trustee's motion to dismiss the appeal. On 26 January

---

[1] Because this appeal was filed in 2021, all subsequent references to the North Carolina Rules of Appellate Procedure are to the version effective 1 January 2021.

2022, the Trustee noticed an appeal of the denial of his motion to dismiss the appeal.[2] The parties agreed to settle the record on 20 February 2022, and the final record was filed on 2 March 2022. The stipulation settling the record on appeal is signed by the parties but is undated, and the certificate of service for the record itself is irregular in that it is both unsigned and undated.

## C. Court of Appeals Proceedings

¶ 11 With the appeal docketed and the record filed, Respondent had until 1 April 2022 to file her brief under N.C. R. App. P. 13(a)(1). Respondent failed to do so. On 1 and 4 April 2022, Respondent's counsel emailed Trustee's counsel regarding an extension but never filed such a motion with the Court.

¶ 12 On 25 April 2022, Trustee's appellate counsel moved to dismiss the appeal for Respondent's failure to file an appellant brief. On 3 May 2022, Respondent's counsel responded to the motion, asserting that he had intended to file a motion for an extension but that his assistant, as attested in an affidavit attached to the response, inadvertently failed to do so and misinformed him that it had been filed. Respondent's counsel also filed on that date, 24 days after the expiration of Respondent's deadline to file an appellant brief, a motion for extension of time to file that brief. This Court denied the Trustee's motion to dismiss the appeal and granted

---

[2] The Trustee would later voluntarily dismiss his appeal on 1 April 2022.

Respondent's motion for extension of time, giving Respondent until 23 May 2022 to file a brief with this Court.

¶ 13 Respondent filed her brief with this Court on 23 May 2022. However, the brief omitted a table of authorities, issues presented page, standard of review section, and attorney signature as required by N.C. R. App. P. 28(b)(1), (2), and (6).

¶ 14 The Trustee again moved this Court to dismiss the appeal on 22 June 2022 for failure to comply with the appellate rules. The motion asserts the following appellate rule violations:

(1) Failure to timely serve the proposed record on appeal under N.C. R. App. P. 11.

(2) Failure to secure a proper extension of time to serve the proposed record under N.C. R. App. P. 11 and 27, asserting that Judge Gilchrist lacked authority to grant such an extension after expiration of the time for service.

(3) Failure to timely file the record on appeal under N.C. R. App. P. 12.

(4) Failure to serve the record and demonstrate service through a proper certificate of service under N.C. R. App. P. 26.

(5) Failure to include the order appealed from in the record under N.C. R. App. P. 9.

(6) Failure to include all documents necessary to the disposition of the appeal as required by N.C. R. App. P. 9.

(7) Failure to execute a proper certificate of service for the notice of appeal as contemplated by N.C. R. App. P. 3 and 26.

(8) Failure to comply with the stay and bond provisions of N.C. R. App. P. 8.

(9) Failure to file an appellate information statement as required by N.C. R. App. P. 41.

(10) Failure to file the transcript as required by N.C. R. App. P. 7.

(11) Failure to comply with various provisions of N.C. R. App. P. 28 in the composition of the appellant brief.

Respondent's counsel responded to the second motion to dismiss the appeal on 12 July 2022. He did not dispute the irregularities in the certificates of service appearing in the record, he conceded his failure to include the order appealed from in the record on appeal, and he acknowledged untimely filing the appellate information statement. He likewise admitted his noncompliance with the briefing requirements of the Rules, ascribing this deficiency to his assistant.

At no point did Respondent's counsel address the failure to file the trial transcript with this Court, and the response itself contains several irregularities, namely: (1) the certificate of service states that it was served via email on 3 May 2022; and (2) the response refers to several exhibits, none of which is attached to or included in the filing. Respondent denied the remainder of the alleged rule violations.

Respondent filed with this Court a second response to the Trustee's motion to dismiss on 13 July 2022, a day late under N.C. R. App. P. 10(a). This response is largely identical to the first response, but also includes a corrected Respondent's brief and two emails: one referenced in the body of both responses, and one that appears irrelevant to this appeal. As with the first response, the second response omitted

several exhibits or attachments referenced therein. The certificate of service again includes an irregular service date of 3 May 2022, and it also incorrectly certifies that the second response was filed on 12 July 2022.

¶ 18        On 15 July 2022, Respondent's counsel filed with this Court two substantively identical motions to amend the record. Both seek to add the superior court's foreclosure order to the record on appeal. The motions also include a 16 May 2022 email from Respondent's counsel to the Trustee's appellate counsel acknowledging that there are other "necessary missing documents from the record on appeal," namely (1) Respondent's notice of appeal from the clerk's order to superior court, and (2) any pleadings showing the substitution of the Trustee. However, none of these additional documents is included or referenced in Respondent's motion to amend the record on appeal. The certificates of service for these motions state that they were served on the Trustee and his counsel via email on 15 July 2022.

¶ 19        On 27 July 2022, Trustee's counsel filed with this Court a motion to strike the 13 July 2022 response to the second motion to dismiss as untimely and unserved, asserting that it was never emailed as asserted in the certificates of service. The motion further asserts that Respondent's motions to amend were never served via email as claimed in their certificates of service. Respondent filed no response to this motion.

## II.  ANALYSIS

Appellate rule violations fall into three categories: (1) waivers arising at trial; (2) jurisdictional defects; and (3) non-jurisdictional defects.  *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 363 (2008). Jurisdictional defects mandate dismissal, *id.* at 197, 657 S.E.2d at 365, while non-jurisdictional defects subject an appeal to dismissal if they are "gross" or "substantial," *id.* at 199, 657 S.E.2d at 366-67. This Court identifies gross or substantial violations by examining (1) "whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process," *id.* at 200, 657 S.E.2d at 366-67; and (2) "the number of rules violated," *id.* at 200, 657 S.E.2d at 367.

### A. Specific Rule Violations

Reviewing the parties' motions and responses, including Respondent's admitted errors, it is apparent that Respondent's counsel has violated several appellate rules.  The following violations, at a minimum, are evident on the face of the record:

(1) Failure to include the order appealed from under N.C. R. App. P. 9(a)(1)h.;

(2) Numerous failures to serve and/or include proper proof of service on several filings, including the notice of appeal, as required by N.C. R. App. P. 3(e), 26(b), 26(d), and/or 37(a);

(3) Failure to timely file an appellate information statement as required by N.C. R. App. P. 41;

(4) Failure to file the transcript as required by N.C. R. App. P. 7(f) and 9(c)(3)b.;

(5) Failure to comply with various provisions of N.C. R. App. P. 28 in the composition of the appellate brief;

(6) Failure to include in the record those materials required by N.C. R. App. 9(a)(1)e., g., i., and j.; and

(7) Filing a response to an appellate motion out-of-time in violation of N.C. R. App. P. 37(a).

Beyond these specific rule violations, Respondent's duplicative responses to the pending motion to dismiss fail to include all of the exhibits and attachments the responses reference.

Respondent's counsel also failed to timely serve the proposed record on appeal notwithstanding the trial court's order attempting to extend the service period. A motion to extend an expired deadline under the appellate rules "must be in writing and with notice to all other parties and may be allowed only after all other parties have had an opportunity to be heard." N.C. R. App. P. 27(d). Respondent's counsel filed no such written motion; while Respondent did move to extend the initial proposed record deadline in writing from 20 September to 1 October 2021, her counsel did not serve a notice or otherwise arrange for a hearing on that motion. When the trial court addressed the matter *sua sponte* in December 2021, in the absence of a written motion, it had no authority to extend the appellate deadline, so its order doing

so is void. *See Cadle Co. v. Buyna*, 185 N.C. App. 148, 151, 647 S.E.2d 461, 464 (2007) (holding a trial court lacked authority to extend the time for serving a proposed record on oral motion after said time expired). Respondent points to no rule or caselaw demonstrating the validity of the trial court's order in the face of N.C. R. App. P. 27(d) and *Cadle Co.*, and we therefore hold that the proposed record in this case was not timely filed as required by N.C. R. App. P. 11(b).

**B. The Above Violations Are Gross, Substantial, and Warrant Dismissal.**

The first violation identified above—Respondent's counsel's failure to include the order appealed from in the record on appeal—is a jurisdictional defect that mandates dismissal. *State v. McMillian*, 101 N.C. App. 425, 427, 399 S.E.2d 410, 411 (1991). While Respondent's counsel has moved to correct this defect, it nonetheless constitutes a violation to be considered in determining whether the additional rule violations are so gross and substantial as to warrant dismissal. Indeed, those other rule violations meet that standard.

For example, Respondent's counsel's failure to timely serve the proposed record, standing alone, may warrant dismissal. *See Webb v. McKeel*, 132 N.C. App. 817, 818, 513 S.E.2d 596, 597-98 (1999) (dismissing appeal for failure to timely serve proposed record on appeal). *But see Powell v. City of Newton*, 200 N.C. App. 342, 350, 684 S.E.2d 55, 61 (2009) (holding under those facts that failure to timely serve proposed record on appeal was not so egregious as to warrant dismissal).

¶ 25       Respondent's counsel's other rule violations render the record inadequate to resolve the appeal and frustrate appellate review. N.C. R. App. P. 9(a)'s various subparts collectively provide that the record must include all pleadings, documents, and evidence necessary to dispose of the appeal, which may include the trial transcript if designated by the appellant. Here, Respondent designated the use of the trial transcript and relies on the testimony in said transcript for the arguments presented in her brief. But Respondent's counsel ultimately failed to file the transcript with this Court—even after the error was pointed out by the Trustee in his motion to dismiss—as is required by N.C. R. App. P. 7 and 9(c)(3)b. Presuming underlying merit to Respondent's contention that the evidence below does not show that the current Sanford Financial, LLC is the actual holder of the note being foreclosed upon, her counsel's failure to file the transcript and include all evidence presented to the trial court in the printed record on appeal renders this Court unable to conclusively review the issue. That failure also frustrates the ability of the Trustee to respond to those arguments with citations to the record evidence and transcript. These non-jurisdictional violations impair our appellate function and the adversarial process. When coupled with Respondent's other numerous violations of the appellate rules, this violation rises to the level of gross and substantial non-jurisdictional defects to warrant dismissal. *Dogwood*, 362 N.C. at 199-200, 657 S.E.2d at 366-67.

Respondent's counsel's responses to these alleged non-jurisdictional rule violations do not dissuade us from holding dismissal to be appropriate here. He first argues that the Trustee's motion to dismiss should not be granted because it does not include an affidavit or certified docket entries as required by N. C. R. App. P. 25(a). This argument misses the mark because the Trustee's motion arises under N.C. R. App P. 25(b), which imposes no such requirement for a motion to dismiss an appeal for appellate rule violations.

Counsel's remaining arguments are equally unavailing. Several of them rely on exhibits and attachments, which are missing from the filed responses. Counsel asserts that his non-licensed assistant is responsible for several rule violations, but he, as counsel of record and not his paralegal, is responsible for the preparation, signing, service, and filing of materials with this Court under the North Carolina Rules of Appellate Procedure. *See, e.g.,* N.C. R. App. P. 3(d) (requiring a notice of appeal to be "signed by counsel of record . . . or by any such party not represented by counsel of record"). His related claim that the Trustee shares some blame or fault for the inadequate record on appeal is likewise misplaced, as the appellant "b[ears] the burden of proceeding and of ensuring that the record on appeal and verbatim transcript [is] complete, properly settled, in correct form, and filed with the appropriate appellate court by the applicable deadlines." *State v. Berryman*, 360 N.C. 209, 217, 624 S.E.2d 350, 356 (2006).

### III.  **CONCLUSION**

"The appellate courts of this state have long and consistently held that the rules of appellate practice . . . are mandatory and that failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted).  Here, Respondent's counsel failed to abide by many of our rules, both jurisdictional and non-jurisdictional.  Even when any jurisdictional failures are set aside, the remaining rule violations are numerous, impair appellate review, and frustrate the adversarial process.  Dismissal of the appeal is proper under these circumstances.  *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 367.  We grant the Trustee's motion to dismiss Respondent's appeal pursuant to N.C. R. App. P. 25(b).  We dismiss the remaining motions as moot.

DISMISSED

Judges TYSON and COLLINS concur.